LAW OFFICES
## BRESLIN AND BRESLIN, P.A.
41 MAIN STREET
HACKENSACK, N.J. 07601-7087
(201) 342-4014
FAX (201) 342-0068

www.BreslinandBreslin.com

DONALD A. CAMINITI ■ ◊ ∇ *
TERRENCE J. CORRISTON *
KEVIN C. CORRISTON *
E. CARTER CORRISTON, JR. *

E. CARTER CORRISTON, SR. (1961-2019)
ANGELO A. BELLO (1985 -2007)
JAMES A. BRESLIN (1969 - 1980)
JOHN J. BRESLIN, JR. (1935 - 1987)

■ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
◊ Certified by the National Board of Trial Advocacy as a Civil Trial Advocate
∇ Fellow American College of Trial Lawyers
* N.J. & N.Y. Bars

Writer's Extension: **219**
Email:
**KCorriston@breslinandbreslin.com**

February 19, 2025

Honorable Susan D. Wigenton, U.J.S.C.
U.S. District Court for the District of New Jersey
MLK Jr. Fed. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> *Re:* ***Tamagny v. New Jersey Division of Child Protection and Permanency, et al***
> ***Civil Action No. 2:25-cv-00732-SDW-CLW***

Dear Judge Wigenton:

Please be advised that this firm represents Defendant, K.S., in the above-referenced action.

Please accept this Letter Memorandum in lieu of a more formal Brief in support of Defendant's Notice of Motion requesting an Order for said Defendant to proceed pseudonymously and further to redact Defendant's name in the Complaint, Exhibits and any other filings prior to the entry of the Order.

### PRELIMINARY STATEMENT

Defendant, K.S. seeks to proceed under a pseudonym due to the highly sensitive and private nature of facts involved in this case to safeguard K.S.'s identity as well as his physical and emotional well-being without prejudicing the existing parties in this case. Because K.S.'s name was publicly disclosed in the Complaint and attached exhibits, K.S.

Tamagny v. DCPP, et al
February 19, 2025
Page 2

also requests an Order removing the Complaint and attached exhibits from the public record to be re-filed with K.S.'s name replaced with his initials.

Tamagny v. DCPP, et al
February 19, 2025
Page 3

## STATEMENT OF MATERIAL FACTS

K.S. is a named party to the instant suit.

The allegations contained therein name multiple government entities and private entities as Defendants responsible for deprivation of due process and sexual assault, respectively.

The exhibits attached to the Complaint contain the Plaintiff's name in a redacted form (CT)

K.S. is a professional who may experience a great deal of harassment, adverse employment action, as well as danger to his person and well-being if his name is not removed from the Complaint.

Accordingly, K.S. files the instant motion to proceed pseudonymously, either with his name redacted, or under a pseudonym.

Tamagny v. DCPP, et al
February 19, 2025
Page 4

## LEGAL ARGUMENT

### POINT I

### DEFENDANT, K.S., SHOULD BE ALLOWED TO PROCEED PSEUDONMOUSLY TO PROTECT HIS PRIVACY INTEREST.

In Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004), the Sixth Circuit identified four factors courts must consider to determine whether a party's interest in anonymity outweighs the presumption of open proceedings:

> 1) whether the [parties] seeking anonymity are suing to challenge governmental activity; 2) whether prosecution of the suit will compel [the parties] to disclose information 'of the utmost intimacy'; 3) whether the litigation compels [the party] to disclose an intention to violate the law, thereby risking criminal prosecution; and 4) whether [the parties] are children.
>
> Id. at 560

See also Doe v. Megless, 654 F.3d 404, 408 (3rd Cir. 2011) (citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)) ("in exceptional cases courts have allowed a party to proceed anonymously... [the proponent must] show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"). Under either Circuit's test, the factors weigh in favor of allowing K.S. to proceed pseudonymously.

In the instant matter, various government agencies are Defendants. This factor weighs in favor of allowing K.S. to proceed pseudonymously. See Doe v. Porter, 370 F.3d at 560 ("This suit—challenging a government activity—forces [parties] to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment."). K.S. is not an agent of any of these government agencies, and thus has a greater privacy interest in proceeding pseudonymously.

Tamagny v. DCPP, et al
February 19, 2025
Page 5

Further, it is plain that the nature of this suit will necessarily require the parties to "disclose information of the utmost intimacy." Doe v. Porter, 370 F.3d at 560. Courts have been cognizant that where a suit contains allegations of sexual assault, there is a heightened need for protection against an invasion of privacy. See Doe v. Doe, 649 F. Supp. 3d 136 (E.D.N.C.), aff'd, 85 F.4th 206 (4th Cir. 2023); Doe v. Va. Polytechnic Inst. & State Univ., No. 7:21-CV-378, 2022 WL 972629, at *2 (W.D. Va. Mar. 30, 2022) (unpublished, see attached Exhibit A); Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592–94 (E.D. Va. 2016); Painter v. Doe, No. 3:15-CV-369-MOC, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (unpublished, see attached Exhibit B); Doe v. Alger, 317 F.R.D. 37, 40 (W.D. Va. 2016). The court recognizes the inflammatory nature of sexual misconduct, "the mere accusation of which, if disclosed, can invite harassment and ridicule." Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592–94 (E.D. Va. 2016). Likewise, this factor also weighs in favor of allowing K.S. to proceed pseudonymously.

As to the third factor, the allegations purport that K.S. has acted in violation of law and thus implicate a privacy interest against the disclosure of his name.

As to the fourth element, none of the parties are minors, and this factor does not weigh in favor of proceeding pseudonymously. However, it should be noted that the Plaintiff has filed exhibits to her complaint. Therein, the Plaintiff is identified only by her initials, whereas K.S. is identified by name multiple times.

For these reasons, K.S. requests that his motion to proceed pseudonymously be granted to protect his legitimate interest in privacy during the pendency of this litigation.

## POINT II

### THE COMPLAINT'S DISCLOSURE OF K.S.'s IDENTITY SUBJECTS K.S. TO A LIKELIHOOD OF HARM

Courts have allowed a party to proceed anonymously where [the proponent can] show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010).

A party moving to proceed pseudonymously bears the "burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).

Indeed, the nature of the allegations open K.S. up to legitimate and reasonable fear of irreparable harm if his name is not removed from the pleadings. It is clear that accusations of sexual assault can "tarnish a reputation." Doe v. Doe, 649 F. Supp. 3d 136, 140 (E.D.N.C.), *aff'd*, 85 F.4th 206 (4th Cir. 2023). If the allegations in the complaint are made public to the media, K.S. faces a substantial risk of harm, including retaliation or physical violence. K.S. also may likely face adverse employment consequences and find difficulty seeking employment.

For these reasons, K.S. seeks to proceed pseudonymously to prevent legitimate and substantial harm from befalling him during the pendency of this action.

# POINT III

## THE COURT SHOULD REMOVE THE COMPLAINT AND EXHIBITS FROM PACER AND DIRECT PLAINTIFF TO FILE PSEUDONYMOUS VERSIONS.

If the Court grants K.S.'s motion to proceed pseudonymously, it should also remove the complaint and exhibits from the public docket, and direct Plaintiff's counsel to refile those documents with utilizing K.S.'s initials. Courts have broad discretion to remove publicly filed documents that improperly reveal confidential information. See e.g. Zwerin v. 533 Short North LLC, 568 F. App'x. 374 (375) (6th Cir. 2014) ("With respect to the third alleged breach, in which the plaintiff's again wrongfully uploaded the confidential agreement to the electronic docket, the district court did not abuse its discretion by providing tailored relief in the form of an order to the clerk to remove the document from the docket and place it under seal"); Brown & Williamson Tobacco Co. v. FTC, 710 F.2d 1165 (6th Cir. 1983) (quoting Nixon v. Warner Comms., Inc., 435 U.S. 589 (1978) ("the public can be denied access to court files that 'might have become a vehicle for improper purposes.'").

Here, if the Court concludes that K.S. should be permitted to proceed pseudonymously, it should issue an order ensuring that K.S.'s name is not publicly revealed on the docket.

Tamagny v. DCPP, et al
February 19, 2025
Page 8

## CONCLUSION

For the foregoing reasons, K.S. respectfully requests that this court grant his motion to proceed pseudonymously. In addition, K.S. respectfully requests the court remove the complaint and exhibits from the public docket and direct Plaintiff to refile redacted versions

Respectfully submitted,

BRESLIN AND BRESLIN, P.A.

Kevin C. Corriston

KCC:mlc

cc: All Counsel of Records via eFiling