LAW OFFICES OF
## RUTA, SOULIOS & STRATIS LLP
COUNSELORS AT LAW

JOSEPH A. RUTA
Member NY and NJ Bars

STEVEN A. SOULIOS
Member NY and NJ Bars

DEMETRIOS K. STRATIS
Member of NJ, PA, DC,
and US Supreme Court Bars

OF COUNSEL:
  MITCHELL LAPIDUS
  TING REISS
  DAVID ENGELDHARDT

10-04 RIVER ROAD
FAIR LAWN, NEW JERSEY 07410

(201) 794-6200
FACSIMILE (201) 794-6300
WWW.LAWNYNJ.COM

OTHER OFFICES LOCATED AT:

211 EAST 43RD ST.
24TH FLOOR
NEW YORK, NY 10017

101 TOWN CENTER DRIVE
SUITE 111
WARREN, NJ 07059
(908) 769-4250

VIA ECF

March 24, 2025

Honorable Judge Susan D. Wigenton, Judge of the District Court of NJ
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   Tamagny v DCPP et al
      Civil Action No. 2:25-cv-0732

Dear Judge Wigenton:

Please be advised that this office represents the Plaintiff in the above matter. Kindly accept this letter brief in opposition to the Defendants Motions to Proceed via Pseudonym in this action.

## RESPONSIVE STATEMENT OF FACTS

Plaintiff filed this action and did not seek anonymity. She brings causes of action against government defendants for civil rights violations as well as against individual Defendants Tamagny and Slevin for sexual abuse. The Complaint is verified as true by Plaintiff.

Defendants only speculate as to any harm and say things "may" happen to them. In the case of Defendant Slevin, his brief states he "**may** experience a great deal of harassment, adverse employment action as well as danger to his person and well-being…". In the case of Defendant Scott Tamagny, his brief states that he "**may** experience a great deal of harassment, adverse employment action, as well as danger to his person and well-being . . . ". Both Defendants mimic the language of each other and further, it is no coincidence that there is no Certification by either Defendant. The only alleged harms are self-serving and uncertified arguments of counsel contained in their briefs.

Any facts alleged by Defendants counsel in the briefs are not supported by any Certification.

## LEGAL ARGUMENT

### DEFENDANTS HAVE NOT SATISIED THEIR BURDENS TO OVERCOME THE PRSUMPTIONS OF OPENNESS OF THE COURTS AND RIGHTS OF ACCESS

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.' " <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011) (quoting <u>Doe v. Blue Cross & Blue Shield United,</u> 112 F.3d

2

869, 872 (7th Cir. 1997)). The right of the public to know who is using its courts mandates that parties to litigation be identified. *See* Megless, 654 F.3d at 408. The public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the Constitution. N. Jersey Media Grp. Inc. v. United States, 836 F.3d 421, 434 (3d Cir. 2016); Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 343 (3d Cir. 1986).

It is without question and well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. Littlejohn v. BIC Corporation, 851 F.2d 673, 677–78 (3d Cir. 1988). The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions "a pervasive common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir.1993). As explained in Littlejohn, the right of access strengthens confidence in the courts:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court. As with other branches of government, the bright light cast upon the judicial process by public observation diminishes possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

851 F.2d at 678 (citations omitted).

In addition, "[a]ccess to civil proceedings and records promotes 'public respect for the judicial process' and helps assure that judges perform their duties in an honest and informed manner." Leucadia, 998 F.2d at 161 (citations and internal quotations omitted). As Justice Douglas once wrote, "[a] trial is a public event. What transpires in a public courtroom is public property." Craig v. Harney, 331 U.S. 367, 374 (1947).

Thus, a trial is a public proceeding, and the public, under the First Amendment and common law, has a right of access to civil trials and trial-related court filings. Stated differently, when it comes to restricting access to court proceedings or proceeding without identifying the parties, the scale tips favoring disclosure based on the right of public access. "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings." Megless, 654 F.3d at 408 (quoting Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)). However, in exceptional cases, courts have allowed litigants to proceed anonymously, even though there is no such authority in Rule 10(a). See Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008) ("We acknowledge that the use of pseudonyms to conceal a plaintiff's identity has no explicit sanction in the federal rules. Nonetheless, the Supreme Court has given the practice implicit recognition in two abortion cases, Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973).)

Here, incidentally, it is noteworthy that the Plaintiff is not seeking the right to proceed anonymously and understands and acknowledges that she has chosen the path to

litigant her claims in open court and her name has been and will be part of the court records and available to the public. Herein, it is the Defendants that seek the relief of the court. Most of the cases cited herein are posited with the issue wherein the Plaintiff is seeking leave to proceed with the use of initials and anonymity.

The *Megless* court noted that this "list of factors is not comprehensive" and directed courts to consider the particular circumstances of each case. *Id.* at 409-10. The factors that support a plaintiff's use of a pseudonym are: (1) "The extent to which the identity of the litigant has been kept confidential;" (2) "The bases upon which disclosure is feared .... and the substantiality of these bases;" (3) "The magnitude of the public interest in maintaining the confidentiality of the litigant's identity;" (4) "Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants identities;" (5) Whether the plaintiff would "refus[e] to pursue the case at the price of being publicly identified" and "the undesirability of an outcome adverse to the pseudonymous party;" and (6) "Whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Id.* at 408. The factors that weigh against the use of pseudonyms are: (1) "The universal level of public interest in access to identities of litigants;" (2) "Whether, because of the subject matter of this litigation, the status of a litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities;" and (3) "Whether the opposition to pseudonym by counsel, the public or press is illegitimately motivated." *Id.*

Significantly, in order to proceed anonymously and deprive the public of its right of knowledge, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" <u>Megless</u>, 654 F.3d at 408 (quoting <u>Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,</u> 596 F.3d 1036, 1043 (9th Cir. 2010)). It is not enough that a plaintiff may suffer embarrassment or economic harm. <u>Megless,</u> 654 F.3d at 408. Here, possible embarrassment and possible harm is all that has been proffered by the Defendants. No actual harm or injury has been asserted or can there be because none exists. There is no Certification by either Defendant. Only self-serving argument of counsel contained in their briefs that harm "may" occur. Our Circuit has stated that the harm must be "severe" and of an "extraordinary nature" to support a Motion for anonymity. <u>Doe v. Princeton Univ.</u>, No. CV 19-7853 at 4. None has been established herein.

The courts have an independent duty to determine whether the conditions are satisfied to warrant a departure from normal disclosure of identities of parties in litigation. The reason is that:

> Judicial proceedings are supposed to be open, as these cases make clear, in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity. Not that concealment of a party's name is always improper. The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff (normally the plaintiff is the party whose identity is concealed, except in cases in which the defendant's identity is unknown to the plaintiff when the suit is brought, as in <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) exceeds the likely harm from concealment.

<u>Doe v. City of Chicago</u>, 360 F.3d 667, 669 (7th Cir. 2004)

Here, the factors do not weigh in favor of granting Defendants' request to proceed anonymously and accordingly, the request to proceed anonymously should be denied.

First, Defendants motive for requesting anonymity is illegitimate and is meant to thwart the usual process of open proceedings in federal court. Defendants would like to conceal their identity as to what Plaintiff has verified as true. Once again, it is not the Plaintiff who is seeking to proceed anonymously; it is the Defendant who are seeking to do so – those accused of the wrongdoing. They, as any other Defendant, will be permitted their day in court to defend against the allegations but on a verified complaint, they should not be permitted to hide their identities. As in <u>Megless</u>, the Court noted that open litigation, without the use of pseudonyms, afforded the litigant an opportunity to "clear his name" from any conceptions that he was a pedophile. "Further, to the extent that the flyers publicly accused him of being a pedophile, litigating publicly will afford Doe the opportunity to clear his name in the community." <u>Doe v. Megless</u>, 654 F.3d at 410. As a result, the <u>Megless</u> Court found that the plaintiff had not met his burden of showing that this factor weighed in favor of granting him anonymity.

Moreover, where a party is a public figure, the public interest in knowing their identity is heightened. <u>Provident Life</u>, 176 F.R.D. at 467-68. Here, Defendant asserts that such a factor weighs in favor of anonymity; it does not. To the contrary, Defendant Scott Tamagny admits he is a public figure, and accordingly, the public interest in him proceeding under his actual name is heightened.

Importantly, Defendants only speculate as to any harm and say things "may" happen to them. In the case of Defendant Slevin, his brief states he "**may** experience a great deal of harassment, adverse employment action as well as danger to his person and well-being…". In the case of Defendant Scott Tamagny, his brief states that he "**may** experience a great deal of harassment, adverse employment action, as well as danger to his person and well-being . . . ". It is not a coincidence that both Defendants mimic the language of each other and further, it is no coincidence that there is no Certification by either Defendant as to the actual harms. The only alleged harms are self-serving and uncertified arguments of counsel contained in their briefs.[1]

A litigant's fear of social stigmatization, loss of employment opportunity, or loss of educational opportunity are insufficient to support a plaintiff's request for anonymity. As stated earlier, the Third Circuit noted in <u>Megless</u> that fears of "embarrassment or economic harm" do not, without more, outweigh the strong public interest in open litigation. <u>Megless</u>, 654 F.3d at 408. "[T]his Court has held that the fear of social stigmatization associated with being accused of a sexual assault as related to educational and employment prospects does not rise to the requisite level favoring anonymity." <u>Doe v. Princeton Univ.</u>, No. CV 19-7853 (BRM), 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019).

---

[1] Undoubtedly, Defendants will attempt to cure this glaring defect which will prejudice Plaintiff by precluding her from filing any response as sur-replies are not permitted by Rule. Plaintiff requests that the Court not permit the Defendants to circumvent the Rules which require that all Motion include the basis therefore.

In the cases of sexual assault, it is usually the Plaintiff who seeks to proceed anonymously. Furthermore, courts cannot and do not automatically assume severe harm even when sexual assault is alleged by a Plaintiff. Significantly here, it is not the Plaintiff, the victim of sexual assault, who seeking the relief herein, it is the Defendants – the abusers.

That it is not the Plaintiff seeking relief is significant. As stated by a Court in which the Plaintiff was the victim and seeking anonymity:

> the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved;
>
> (*l*) Fourth, although the public certainly has an interest in the *issues* Mary Doe's complaint raises, protecting her identity will not impede the public's ability to follow the proceedings;[8]
>
> (m) As for the factors that weigh against the use of a pseudonym, although the public has a strong interest in the subject matter of the case, plaintiff's privacy interest, in this instance, outweighs the public's need to know her identity;

Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001)

Here, neither Defendants' Motions provide the requisite basis of fear of severe harm warranting anonymity. Unlike the cases relevant to this issue, Defendants' motions do not specify the basis for fear of severe harm from having to proceed under their true identities. Rather, the Motion' only mention of any harm is conjecture and speculation. "Further, Plaintiff's concerns regarding putting his current employment at risk and fear of 'threats, ostracization and ridicule' if he is named in this suit are not of such a severe or

extraordinary nature to support his request for anonymity." Doe v. Princeton Univ., No. CV 19-7853 at 4.  The harm must be severe and of an extraordinary nature.

> Plaintiff has not alleged any similar fear of such **severe and extraordinary harm**. Instead, Plaintiff alleges that if he is required to proceed publicly, he will suffer both because of the severe social stigmatization generally attached to accused sex offenders and because being associated with sexual assault will make it difficult for him to gain admission to other colleges and/or obtain employment. (See Pl. Br. at 7-8). The Court, however, finds that these fears are more similar to those expressed by the plaintiff in *Megless*, which were insufficient to support the plaintiff's request for anonymity.

Doe v. Rider Univ., No. CV 16-4882 (BRM), 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018)

Absent allegations as to how any sort of severe harm of an extraordinary nature may manifest, Defendants' motions fail to provide such exceptional circumstances to depart from normal Federal Court litigation.  Courts recognize the universal interest in public access to the identities of litigants in federal court.  Proceeding under one's true name is the "normal method" of proceeding in federal litigation. *See* Fed. R. Civ. P. 10(a). Absent extraordinary circumstances, courts must weigh this factor against a litigants request to proceed anonymously.

The Defendants make an issue of the fact that the Plaintiff's initials are used in the exhibits.  Those exhibits were not authored by her, nor in her control.  The experts, for their reasons, used Plaintiff's initials.  Plaintiff, however, has fully disclosed her name and has not filed with anonymity.  Courts must also consider that Plaintiff has not taken any steps to keep her identity confidential, and this is a factor that weighs against the Defendants

request to proceed anonymously. Plaintiff made her identity known to the public when she filed this action and did nothing to redact her identity.

## **CONCLUSION**

Thus, considering the factors set forth and the fact that Defendants have failed to satisfy their burden, Plaintiff respectfully submits that Defendants' Motions must be denied.

Respectfully submitted

*Demetrios K. Stratis*

Demetrios K. Stratis, Esq


CC:   All Counsel of record via ECF filing