LAW OFFICES

# BRESLIN AND BRESLIN, P.A.

**41 MAIN STREET**
**HACKENSACK, N.J. 07601-7087**
(201) 342-4014
FAX (201) 342-0068

www.BreslinandBreslin.com

DONALD A. CAMINITI ■ ◊ ▽ *
TERRENCE J. CORRISTON *
KEVIN C. CORRISTON *
E. CARTER CORRISTON, JR. *

E. CARTER CORRISTON, SR. (1961-2019)
ANGELO A. BELLO (1985-2007)
JAMES A. BRESLIN (1969-1980)
JOHN J. BRESLIN, JR. (1935-1987)

■ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
◊ Certified by the National Board of Trial Advocacy as a Civil Trial Advocate
▽ Fellow American College of Trial Lawyers
* N.J. & N.Y. Bars

Writer's Extension: **219**
Email:
KCorriston@breslinandbreslin.com

March 31, 2025

Honorable Susan D. Wigenton, U.J.S.C.
U.S. District Court for the District of New Jersey
MLK Jr. Fed. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    *Re:* ***Tamagny v. New Jersey Division of Child Protection and Permanency, et al***
          ***Civil Action No. 2:25-cv-00732-SDW-CLW***

Dear Judge Wigenton:

Please be advised that this firm represents Defendant, K.S., in the above-referenced action.

I would respectfully request that Your Honor accept this Letter Memorandum in lieu of a more formal Brief in reply to Plaintiff's opposition to Defendant's Notice of Motion requesting an Order for said Defendant to proceed pseudonymously.

## LEGAL ARGUMENT

The movant has carried its burden to warrant pseudonymity. Doe v. Megless, 654 F.3d 404 (3rd Cir. 2011) provides that "a [party seeking to proceed pseudonymously] must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Doe v. Megless, 654 F.3d 404, 408 (3rd Cir. 2011) (citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir.2010)). The Movant, therefore, does not need to show that harm has already occurred to

Tamagny v. DCPP, et al
March 31, 2025
Page 2

warrant anonymity, rather only that such fear of harm is reasonable. Harm that *may occur* is sufficient to carry this burden as long as it is reasonable.

To be sure, K.S. has demonstrated and set forth a plethora of reasonably-likely harms that he fears may befall him if the allegations in the complaint are connected to his name including harassment, adverse employment action as well as danger to his person and well-being. These harms, though they have not yet occurred, are substantially likely to occur and are nothing if not reasonable fears.

Indeed, these fears are reasonable given the nature of the case. Courts recognize the inflammatory nature of sexual misconduct, "the mere accusation of which, if disclosed, can invite harassment and ridicule." Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016). These harms are recognized by the courts as likely, and therefore reasonable fears. Moreover, the fact that these harms are likely to occur weighs in favor of granting K.S.'s motion to proceed pseudonymously.

The Defendant K.S. has substantial interest in proceeding pseudonymously. Courts have been cognizant that where a suit contains allegations of sexual assault, there is a heightened need for protection against an invasion of privacy. See Doe v. Doe, 649 F.Supp. 3d 136 (E.D.N.C.), aff'd, 85 F.4th 206 (4th Cir. 2023); Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016). The Plaintiff recognizes as much. Exhibits attached to the Complaint contain the Plaintiff's name in a redacted form (CT) rather than her true identity despite the Plaintiff being of-age at the time of the creation of those records.

Critically, Defendant K.S. is not a public figure. In their opposition brief, Plaintiff cites Provident Life: "where a party is a public figure, the public interest in knowing

their identity is heightened." <u>Provident Life</u>, 176 F.R.D. at 467-68. K.S. is certainly not a public figure, and in fact, likely the only defendant to this case who is not a public figure or an agent of the State Government. This factor militates in favor of protecting K.S.'s privacy interests and allowing him to proceed pseudonymously.

Tamagny v. DCPP, et al
March 31, 2025
Page 4

## CONCLUSION

For the foregoing reasons, Defendant submits that the motion to proceed pseudonymously is warranted and appropriate in the present case because there exists a reasonable risk of substantial harm to the Defendant if the motion is denied. Defendant respectfully requests that the court grant its motion to proceed pseudonymously

                Respectfully submitted,

                BRESLIN AND BRESLIN, P.A.

                Kevin C. Corriston

KCC:mlc

cc: All Counsel of Records via eFiling