# $H E R B E R T \& W E I S S$, L.L.P.

## ATTORNEYS AT LAW

Hélène C. Herbert, Esq. ● Helayne M. Weiss, Esq.

_____

162 Engle Street
Englewood, NJ 07631

201-440-6300
Fax: 201-440-6304
www.HerbertandWeiss.com

March 31, 2025

<u>VIA PACER</u>
Honorable Susan D. Wigenton, U.J.S.C.
U.S. District Court for the District of New Jersey
MLK Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:    Tamagny v. New Jersey Division of Child Protection and Permanency, et al**
       **Civil Action No. 2:25-cv-00732-SDW-CLW**

Dear Judge Wigenton:

Please be advised that the undersigned represents the interests of the Defendant, J.S.T, in the above-referenced matter. The Plaintiffs are represented by Demetrios K. Stratis, Esq. of Ruta, Soulios & Stratis, LLP.

I would respectfully request that Your Honor accept this Letter Memorandum in lieu of a more formal Brief in reply to Plaintiff's opposition to Defendant's Notice of Motion requesting an Order for said Defendant to proceed pseudonymously and further to redact Defendant's name in the Complaint, Exhibits and any other filings prior to the entry of the Order.

<p align="center">LEGAL ARGUMENT</p>

Similarly to K.S. arguments, it is respectfully submitted that the Movant has carried his burden to merit this Court granting the use of pseudonymity. <u>Doe v. Megless</u>, 654 F.3d 404 (3rd Cir. 2011) requires that "a [party seeking to proceed pseudonymously] must establish 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3rd Cir. 2011) (citing <u>Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate</u>, 596 F.3d 1036, 1043 99th Cir.2010)). In contrast to what was argued by Plaintiff, the Movant does not need to show that harm has *already* occurred to warrant anonymity, rather only that

such fear of harm is reasonable. Harm that may occur is sufficient to carry this burden as long as it is reasonable.

In his moving papers, J.S.T. advised the Court of the likely harms that he fears may ensue him if the allegations in the complaint are connected to his name including harassment of his minor daughter, M.T., who is a senior in the Bergen County school system and would be an innocent victim of the fallout. As the Plaintiffs are aware, M.T. is emotionally fragile, in an IEP and given the unusual last name, would easily be identified and criticized. The Movant had the record sealed in the Superior Court divorce matter, as well as Protective Orders are to be entered for all reports which leave the Judge's Chambers. Great lengths have been taken in the Superior Court to protect the daughter M.T. whereas, the Wife has tried to unseal the record, as well as be free to speak with whomever she wanted to about her divorce, and took this issue up on appeal and lost. Secondarily to Movant's daughter M.T. concerns, is safety concerns of J.S.T as a member and leader in a local police department. There are legitimate adverse employment actions as well as danger to his person, his well-being and his family, most especially but not limited to, named Plaintiff and his minor daughter, M.T.. Although these harms have not 0ccurred, they are substantially likely to occur.

Movant's fears are reasonable given the inflammatory nature of sexual misconduct, "the mere accusation of which, if disclosed, can invite harassment and ridicule." Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016). Historically, these harms are recognized by the courts as likely, and therefore reasonable fears. Moreover, the fact that these harms are likely to occur weights in favor of granting J.T.'s motion to proceed pseudonymously.

The Movant J.S.T. has substantial interest in proceeding pseudonymously. The Courts have been conscious that in matters of surrounding allegations of sexual assault, there is a heightened need for protection against an invasion of privacy. See Doe v. Doe, 649 F.Supp. 3d 136 (E.D.N.C.), aff'd, 85 F. 4th 206 (4th Cir. 2023); Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016). The Plaintiff recognizes as much. Exhibits attached to the Complaint contain the Plaintiff's name in a redacted form (CT) rather than her true identity despite the Plaintiff being of-age at the time of the creation of those records.

## CONCLUSION

For the foregoing reasons, the Movant J.S.T. submits that the motion to proceed pseudonymously is warranted and appropriate in the present case because there exists a reasonable risk of substantial harm to the Movant, and his daughter if the motion is denied. Defendant respectfully requests that the court grant his motion to proceed pseudonymously.

Respectfully submitted,
HERBERT & WEISS, L.L.P.

Helene C. Herbert, Esq.
HCH/ll

cc:    J.T. (via email)
       All Counsel of Records via eFiling