**BRESLIN AND BRESLIN, P.A.**
Kevin C. Corriston, Esq.
(Attorney ID 041251988)
41 Main Street
Hackensack, New Jersey 07601
(201) 342-4014 / (201) 342-0068 Fax
kcorriston@breslinandbreslin.com
Attorneys for Defendant, Keith Slevin

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY TAMAGNY AND JEANNE TAMAGNY, <br><br> *Plaintiff,* <br><br> vs. <br><br> DIVISION OF CHILD PROTECTION AND PERMANENCY, NEW JERSEY DEPARTMENT OF CHILD AND FAMILIES, CHRISTINE NORBUT BEYER, Individually and as Commissioner of the New Jersey Department of Children and Families; JOANNA HOLOTA, Individually and as lead DCPP Investigator; BERGEN COUNTY PROSECUTOR'S OFFICE; STATE OF NEW JERSEY; JOHN SCOTT TAMAGNY; KEITH SLEVIN; JOHN DOES 1 to 20 (such names being fictitious); JANE DOES 1 to 20 (such names being fictitious); XYZ CORPS 1 to 20 (such names being fictitious), <br><br> *Defendants.* | Civil Action No. 2:25-cv-00732-SDW-CLW <br><br><br><br> ANSWER TO <br> AMENDED VERIFIED COMPLAINT, <br> AFFIRMATIVE DEFENSES <br> and <br> COUNTERCLAIM |

Defendant, **Keith Slevin**, by way of Answer to the Verified Complaint states as follows:

## NATURE OF THE ACTION

1.     Admitted as to the fact that the Verified Complaint contains such allegations.

## JURISDICTION AND VENUE

1.     Denied.

2.     Denied.

3. Denied.

4. Denied.

5. Denied.

## FACTS COMMONS TO ALL COUNTS

1. Defendant can neither admit nor deny the allegations set forth in this Paragraph and leaves Plaintiff to their proofs.

2. Admitted.

3. Denied.

4. Admitted.

5. Admitted

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Inasmuch as Paragraph 11 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

12. Admitted.

13. Inasmuch as Paragraph 13 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

14. All sections and subsections of this Paragraph are denied as to this Defendant.

15. Paragraph 15 is denied as to this Defendant.

16. Admitted.

17.     Admitted that a report was rendered, denied as to the contents of said report.

18.     Admitted that a report was rendered, denied as to the contents of said report.

19.     Admitted that a report was rendered, denied as to the contents of said report.

20.     Admitted that a report was rendered, denied as to the contents of said report.

21.     Admitted that a report was rendered, denied as to the contents of said report.

22.     Defendant has insufficient information upon which to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to their proofs

23.     Admitted that a report was rendered, denied as to the contents of said report.

24.     Paragraph 24 is denied as to this Defendant.

25.     Inasmuch as Paragraph 25 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

26.     Inasmuch as Paragraph 26 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

27.     Paragraph 27 is denied as to this Defendant.

28.     Paragraph 25 is denied as to this Defendant.

29.     Inasmuch as Paragraph 26 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

30.     Paragraph 30 is denied as to this Defendant.

31.     Paragraph 31 is denied as to this Defendant.

32.     Paragraph 32 is denied as to this Defendant.

33.     Paragraph 33 is denied as to this Defendant.

34.     [Blank - no allegations stated]

## **COUNT 1**

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Inasmuch as Paragraph 1 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

3.      Inasmuch as Paragraph 3 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

4.      Inasmuch as Paragraph 4 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

5.      Inasmuch as Paragraph 5 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

6.      Inasmuch as Paragraph 6 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph

7.      Paragraph 7 is denied as to this Defendant.  As to the remaining allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph and leaves Plaintiff to their proofs.

8.      Inasmuch as Paragraph 8 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

**COUNT 2**

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Inasmuch as Paragraph 3 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

4.      Inasmuch as Paragraph 4 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

5.      Inasmuch as Paragraph 5 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

6.      Inasmuch as Paragraph 6 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

7.      Inasmuch as Paragraph 7 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

**COUNT 3**

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Inasmuch as Paragraph 2 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

3.      Paragraph 3 is denied as to this Defendant.  As to the remaining allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph and leaves Plaintiff to their proofs.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## <u>COUNT 4</u>

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Paragraph 3 is denied as to this Defendant.

4.      Inasmuch as Paragraph 4 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

5.      Paragraph 5 is denied as to this Defendant.

6.      Inasmuch as Paragraph 6 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

7.      Inasmuch as Paragraph 7 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 5

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Inasmuch as Paragraph 3 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

4.      Inasmuch as Paragraph 4 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

5.      Paragraph 5 is denied as to this Defendant.

6.      Paragraph 6 is denied as to this Defendant.

7.      Paragraph 7 is denied as to this Defendant.

8.      Paragraph 8 is denied as to this Defendant.

9.      Paragraph 9 is denied as to this Defendant.

10.      Paragraph 10 is denied as to this Defendant.

11.      Paragraph 11 is denied as to this Defendant.

12.      Paragraph 12 is denied as to this Defendant.

13.      Paragraph 13 is denied as to this Defendant.

14.      Paragraph 14 is denied as to this Defendant.

15.      Paragraph 15 is denied as to this Defendant.

16.      Inasmuch as Paragraph 16 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

17.      Paragraph 17 is denied as to this Defendant.

18.      Paragraph 18 is denied as to this Defendant.

19.    Paragraph 19 is denied as to this Defendant.

20.    Paragraph 20 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 6

1.    Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.    Inasmuch as Paragraph 2 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 7

1.    Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.    Paragraph 2 is denied as to this Defendant.

3.    Paragraph 3 is denied as to this Defendant.

4.    Paragraph 4 is denied as to this Defendant.

5.    Paragraph 5 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 8

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Paragraph 3 is denied as to this Defendant.

4.      Paragraph 4 is denied as to this Defendant.

5.      Paragraph 5 is denied as to this Defendant.

6.      Inasmuch as Paragraph 2 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 9

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Inasmuch as Paragraph 2 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

3.      Inasmuch as Paragraph 3 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

4.      Inasmuch as Paragraph 4 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph.

5.      Inasmuch as Paragraph 5 contains allegations related to a party other than this Defendant, Defendant can neither admit nor deny the allegations set forth in this Paragraph..

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 10

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 11

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Paragraph 3 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 12

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Paragraph 3 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## FIRST AFFIRMATIVE DEFENSE

The claims of the Plaintiff(s) are barred by the Doctrine of Estoppel.

## SECOND AFFIRMATIVE DEFENSE

The claims of the Plaintiff(s) are barred by the Doctrine of Illegality.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaints violate the entire Controversy Doctrine in that Plaintiffs are also parties in John Scott Tamagny v. Jeanne Tamagny, Docket No. FM-02-220-22, and Courtney Tamagny v. Scott Tamagny, Docket No. FN-02-45-25, venued in the Superior Court of New Jersey - Bergen County.

## FOURTH AFFIRMATIVE DEFENSE

The Claims of the Plaintiff(s) are barred by the Doctrine of Laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff(s) are barred by the courts' lack of Subject Matter Jurisdiction and more specifically is in violation of the 11th Amendment to the Constitution of the United States.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action cognizable in the forum selected by the Plaintiff(s).

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted and this Defendant reserves the right to move at or before the time of trial to dismiss same.

## EIGHTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of this Defendant was not the proximate cause of any injuries or damages which may have been sustained by the Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

This Defendant breached no duty owned to the Plaintiffs or other Defendants.

## TENTH AFFIRMATIVE DEFENSE

This Defendant fulfilled all of its duties and obligations whether arising from common law, statute, contract, tort or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages of the Plaintiff(s), if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiff(s) or others were the result of and/or the unavoidable consequence of Plaintiff's own tortuous conduct and/or misconduct and actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The injuries or damages which are the subject matter of the Complaint are the result of acts omissions and/or conduct of other persons over whom this Defendant exercised no control and for whose conduct this Defendant was not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiff(s) and/or other Defendants, or negligence attributable to them, bars recovery against this Defendant under the Doctrine of Contributory Negligence. In the event such contributory negligence is adjudged to be not greater than the negligence of this Defendant, this Defendant demands the Plaintiff's damages be diminished by the percentage of Plaintiff's contributory negligence pursuant to N.J.S.A. 2A:155.1 et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiff(s) have an agreement with an insurance company who is responsible for paying the monies allegedly due by the Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including but not limited to, the Statute of Limitations, controlling or requiring the instruction of suit within a certain period of time following its accrual, was not complied with by the Plaintiff(s), and accordingly, Plaintiffs' claims are barred as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend its Answer to assert additional defenses and/or supplement or change this Answer, upon the revelation of more definite facts during and/or upon the completion of further discovery and investigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are barred by the courts' lack of *in persona* Jurisdiction.

## COUNTER CLAIM

Defendant, **Keith Slevin,** by way of Counterclaim against Plaintiffs, **Courtney Tamagny and Jeanne Tamagny**, says:

## COUNT ONE
(Malicious Abuse of Process)

1.　　Plaintiff, **Courtney Tamagny's** filed claims against Counterclaimant, **Keith Slevin**, are malicious, frivolous and are without probable cause.

2.　　As a direct and proximate result of the activities of the Plaintiff, **Courtney Tamagany**, Counterclaimant, **Keith Slevin**, has been exposed to public ridicule and held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagany**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT TWO
(Defamation)

1.　　Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First Count as though set forth at length herein

2.　　Plaintiff, **Courtney Tamagny's** Verified Complaint and Verified Amended Complaint contains false statement of facts which were communicated to third parties not subject to litigation privilege.

3.      In the aforesaid Verified Complaint and Amended Complaint, Counterclaimant is accused of criminal offenses and conduct.

4.      At the time of filing of the aforesaid Verified Complaint and Amended Complaint, Plaintiff, **Courtney Tamagny,** knew that its contents were libelous and false or entertained serious doubt as to the truth of the statements in same.

5.      As a result of the false and misleading information contained therein, Counterclaimant, **Keith Slevin** has been held up to ridicule, and Counterclaimant's reputation has been greatly injured.

6.      Plaintiff, **Courtney Tamagny**, in disseminating such information to the public, acted in a grossly irresponsible manner with reckless disregard for the standards of truth and veracity ordinarily followed by responsible persons, and Plaintiff knew in making the statements that a false impression would be made and Counterclaimant would be damaged.

7.      Plaintiff, Courtney Tamagny, filed the Verified Complaint and Amended Complaint with malice, recklessness or negligence in an effort to discredit, malign and impugn the honesty and integrity of Counterclaimant, all to Counterclaimant's damage.

8.      Plaintiff, **Courtney Tamagny's** false and misleading statements of fact were communicated to third parties and are not subject to any litigation privilege and caused harm to the Counterclaimant.

7.      As a direct and proximate result of the activities of the Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant has been exposed to public ridicule and held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagany**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT THREE
(Malicious Prosecution)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First and Second Counts as though set forth at length herein

2.      Plaintiff, **Courtney Tamagny**, through filing of the Verified Complaint and Amended Complaint containing libelous statements, acted with actual malice with wanton and willful disregard of the rights of Counterclaimant.

3.      Plaintiff, **Courtney Tamagny's** acted with malice and without probable cause through the filing of the Verified Complaint and Amended Complaint, Counterclaimant suffered harm as a result of same.

**WHEREFORE**, Counterclaimant, **Keith Slevin,** requests judgment against the Plaintiff, **Courtney Tamagny,** for compensatory damage and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT FOUR
(Violation of Fed. R. Civ. P. 11)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second and Third Counts as though set forth at length herein

2.      Plaintiff, **Courtney Tamagny's** frivolous action against Counterclaimant constitutes of a violation of the Fed. R. Civ. P. 11.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT FIVE
(False Light)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third and Fourth Counts as though set forth at length herein.

2.      The activities of the Plaintiff, **Courtney Tamagny**, alleged above invaded Counterclaimant's right of privacy by placing Counterclaimant in a false light before Counterclaimant's peers and the general public.

3.      As a direct and proximate result of the activities of Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

4.      Plaintiff, **Courtney Tamagny**, acted maliciously with an intent to defraud the public and with a wanton disregard of Counterclaimant's reputation, character, and good name, for which Counterclaimant seeks punitive damages.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against Plaintiff, **Courtney Tamagny**, for compensatory damages and for punitive damages, together with attorney's fees, and costs of suit, and such other and further relief as the court may deem proper.

## COUNT SIX
### (Intentional Infliction of Emotional Distress)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth and Fifth Counts as though set forth at length herein.

2.      Plaintiff, **Courtney Tamagny**, filed the Verified Complaint and Amended Complaint containing the aforementioned statements intentionally with the knowledge or reasonable belief that said statements were false and with the knowledge or reasonable belief such statements would likely result in the infliction of emotional distress upon the Counterclaimant.

3.      As a direct and proximate result of the activities of Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all Counterclaimant's damage.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against Plaintiff, **Courtney Tamagny**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just

## COUNT SEVEN
### (Negligent Infliction of Emotional Distress)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth and Sixth Counts as though set forth at length herein.

2.      Plaintiff, **Courtney Tamagny**, filed the Verified Complaint and Amended Complaint containing the aforementioned statements carelessly, recklessly and negligently with the knowledge or reasonable belief that said statements were false and with the knowledge or

reasonable belief such statements would likely result in the infliction of emotional distress upon the Counterclaimant.

3.      As a direct and proximate result of the activities of Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all Counterclaimant's damage.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against Plaintiff, **Courtney Tamagny**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just

## COUNT EIGHT
(Harassment)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as though set forth at length herein.

2.      Plaintiff, **Courtney Tamagny**, filed the Verified Complaint and Amended Complaint containing the aforementioned statements with purpose to alarm or seriously harass Defendant.

3.      Plaintiff, **Courtney Tamagny**, has repeatedly committed various other acts with the purpose to alarm or seriously harass Counterclaimant.

4.      Plaintiff, **Courtney Tamagny**, through filing of the Verified Complaint and Amended Complaint containing the libelous statements and continued harassment, acted with actual malice with wanton and willful disregard of the rights of Counterclaimant.

WHEREFORE, Counterclaimant, **Keith Slevin,** requests judgment against Plaintiff, **Courtney Tamagny,** for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT NINE
(Malicious Abuse of Process)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eight Counts as though set forth at length herein.

1.      Plaintiff, **Jeanne Tamagny's** filed claims against Counterclaimant, **Keith Slevin**, are malicious, frivolous and are without probable cause.

2.      As a direct and proximate result of the activities of the Plaintiff, **Jeanne Tamagany**, Counterclaimant, **Keith Slevin**, has been exposed to public ridicule and held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

WHEREFORE, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Jeanne Tamagany**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT TEN
(Defamation)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Counts as though set forth at length herein.

2.        Plaintiff, **Jeanne Tamagny's** Verified Amended Complaint contains false statement of facts which were communicated to third parties not subject to litigation privilege.

3.        In the aforesaid Verified Amended Complaint, Counterclaimant is accused of criminal offenses and conduct.

4.        At the time of filing of the aforesaid Verified Amended Complaint, Plaintiff, **Jeanne Tamagny,** knew that its contents were libelous and false or entertained serious doubt as to the truth of the statements in same.

5.        As a result of the false and misleading information contained therein, Counterclaimant, **Keith Slevin** has been held up to ridicule, and Counterclaimant's reputation has been greatly injured.

6.        Plaintiff, **Jeanne Tamagny**, in disseminating such information to the public, acted in a grossly irresponsible manner with reckless disregard for the standards of truth and veracity ordinarily followed by responsible persons, and Plaintiff knew in making the statements that a false impression would be made and Counterclaimant would be damaged.

7.        Plaintiff, **Jeanne Tamagny**, filed the Verified Amended Complaint with malice, recklessness or negligence in an effort to discredit, malign and impugn the honesty and integrity of Counterclaimant, all to Counterclaimant's damage.

8.        Plaintiff, **Jeanne Tamagny's** false and misleading statements of fact were communicated to third parties and are not subject to any litigation privilege and caused harm to the Counterclaimant.

7.        As a direct and proximate result of the activities of the Plaintiff, **Jeanne Tamagny**, as alleged above, Counterclaimant has been exposed to public ridicule and held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant

to suffer extreme embarrassment and humiliation and severe mental distress, all to

Counterclaimant's damage.

WHEREFORE, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff,

**Jeanne Tamagany**, for compensatory damages and for punitive damages, for costs of suit and

counsel fees, and for such other relief as may be just.

<div align="center">

**COUNT ELEVEN**
(Malicious Prosecution)

</div>

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First,

Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts as though set forth

at length herein.

2.      Plaintiff, **Jeanne Tamagny**, through filing of the Verified Amended Complaint

containing libelous statements, acted with actual malice with wanton and willful disregard of the

rights of Counterclaimant.

3.      Plaintiff, **Jeanne Tamagny's** acted with malice and without probable cause

through the filing of the Verified Amended Complaint, Counterclaimant suffered harm as a result

of same.

WHEREFORE, Counterclaimant, **Keith Slevin,** requests judgment against the Plaintiff,

**Jeanne Tamagny,** for compensatory damages and for punitive damages, for costs of suit and

counsel fees, and for such other relief as may be just.

<div align="center">

**COUNT TWELVE**
(Violation of Fed. R. Civ. P. 11)

</div>

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First,

Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Counts as

though set forth at length herein.

2.      Plaintiff, **Jeanne Tamagny's** frivolous action against Counterclaimant constitutes of a violation of the Fed. R. Civ. P. 11.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Jeanne Tamagny**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

<div align="center">

**COUNT THIRTEEN**
(False Light)

</div>

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Counts as though set forth at length herein.

2.      The activities of the Plaintiff, **Jeanne Tamagny**, alleged above invaded Counterclaimant's right of privacy by placing Counterclaimant in a false light before Counterclaimant's peers and the general public.

3.      As a direct and proximate result of the activities of Plaintiff, **Jeanne Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

4.      Plaintiff, **Jeanne Tamagny**, acted maliciously with an intent to defraud the public and with a wanton disregard of Counterclaimant's reputation, character, and good name, for which Counterclaimant seeks punitive damages.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against Plaintiff, **Jeanne Tamagny**, for compensatory damages and for punitive damages, together with attorney's fees, and costs of suit, and such other and further relief as the court may deem proper.

## COUNT FOURTEEN
(Intentional Infliction of Emotional Distress)

1.     Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Counts as though set forth at length herein.

2.     Plaintiff, **Jeanne Tamagny**, filed the Verified Amended Complaint containing the aforementioned statements intentionally with the knowledge or reasonable belief that said statements were false and with the knowledge or reasonable belief such statements would likely result in the infliction of emotional distress upon the Counterclaimant.

3.     As a direct and proximate result of the activities of Plaintiff, **Jeanne Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all Counterclaimant's damage.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against Plaintiff, **Jeanne Tamagny**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just

## COUNT FIFTEEN
(Negligent Infliction of Emotional Distress)

1.     Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteen Counts as though set forth at length herein.

2.     Plaintiff, **Jeanne Tamagny**, filed the Verified Amended Complaint containing the aforementioned statements carelessly, recklessly and negligently with the knowledge or reasonable belief that said statements were false and with the knowledge or reasonable belief

such statements would likely result in the infliction of emotional distress upon the Counterclaimant.

3.      As a direct and proximate result of the activities of Plaintiff, **Jeanne Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all Counterclaimant's damage.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against Plaintiff, **Jeanne Tamagny**, for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just

<u>**COUNT SIXTEEN**</u>
(Harassment)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth and Fifteenth Counts as though set forth at length herein.

2.      Plaintiff, **Jeanne Tamagny**, filed the Verified Amended Complaint containing the aforementioned statements with purpose to alarm or seriously harass Defendant.

3.      Plaintiff, **Jeanne Tamagny**, has repeatedly committed various other acts with the purpose to alarm or seriously harass Counterclaimant.

4.      Plaintiff, **Jeanne Tamagny**, through filing of the Verified Amended Complaint containing the libelous statements and continued harassment, acted with actual malice with wanton and willful disregard of the rights of Counterclaimant.

**WHEREFORE**, Counterclaimant, **Keith Slevin,** requests judgment against Plaintiff, **Jeanne Tamagny,** for compensatory damages and for punitive damages, for costs of suit and counsel fees, and for such other relief as may be just.

## CERTIFICATION

I here+by certify that the within Answer was filed within the time prescribed by the Rules of Court.

<div style="margin-left: 50%;">

BRESLIN AND BRESLIN, P.A.
Attorney for Defendant, Keith Slevin

*Kevin C. Corriston* /s/

Kevin C. Corriston
</div>

Dated: April 2, 2025

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending civil action or arbitration proceeding and no such action or arbitration proceeding is presently contemplated. Upon information and belief, Plaintiffs are parties in a family action pending in the Superior Court of New Jersey - Bergen County entitled <u>John Scott Tamagny v. Jeanne Tamagny</u>, Docket No. FM-02-220-20.  They were also parties in <u>Courtney Tamagny v. Scott Tamagny</u>, Docket No. FN-02-45-25, dismissed on March 28, 2025.

<div style="margin-left: 50%;">

BRESLIN AND BRESLIN, P.A.
Attorneys for Defendant, Keith Slevin

*Kevin C. Corriston* /s/

Kevin C. Corriston
</div>

Dated: April 2, 2025

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, KEVIN C. CORRISTON, is hereby designated as trial counsel.

BRESLIN AND BRESLIN, P.A.
Attorney for Defendant, Keith Slevin

*Kevin C. Corriston /s/*

Kevin C. Corriston

Dated: April 2, 2025

## JURY DEMAND

PLEASE TAKE NOTICE that Defendant, hereby demands a trial by jury on all issues so triable herein.

BRESLIN AND BRESLIN, P.A.
Attorneys for Defendant, Keith Slevin

*Kevin C. Corriston /s/*

Kevin C. Corriston

DATED: April 2, 2025