**HERBERT & WEISS, LLP**
HELENE C. HERBERT - Attorney ID: 020701994
162 Engle Street
Englewood, NJ 07631
Phone: (201) 440-6300
Fax: (201) 440-6304
Email: HHerbert@HerbertandWeiss.com
*Attorney(s) for Defendant J.S.T.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY TAMAGNY<br>         Plaintiff,<br><br>vs.<br><br>DIVISION OF CHILD PROTECTION AND PERMANCY; NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES; CHRISTINE NORBUT BEYER, Individually and as Commissioner of the New Jersey Department of Children and Families; JOANNA HOLOTA, individually and as lead DCPP Investigator; BERGEN COUNTY PROSECUTOR'S OFFICE; STATE OF NEW JERSEY; JOHN SCOTT TAMAGNY; KEITH SLEVIN; JOHN DOES 1 to 20 (such names being fictitious); JANE DOES 1 to 20 (such names being fictitious); XYZ CORPS 1 to 20 (such names being fictitious)<br>         Defendants. | Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Cathy L. Waldor, U.S.M.J.<br><br>CIVIL ACTION NO. 2:25-0732<br>(SDW-CLW) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

On the Brief:

Helene C. Herbert, Esq

….

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS and PROCEDURAL HISTORY .........................................2

STANDARD OF REVIEW ...........................................................................................5

      A.      Standard of Review Under Federal Rule of Civil Procedure 12(b)(1) ……………………………………………………………..5

      B.      Standard of Review Under Federal Rule of Civil Procedure 12(b)(6)...............................................................................................6

ARGUMENT ............................................................................................................. 8

    POINT I

    PLAINTIFF FAILS TO PLEAD A "SHORT AND PLAIN STATEMENT" THAT SHE IS ENTITLED TO RELIEF AGAINST DEFENDANT JST        8

    POINT II

    PLAINTIFF FAILS TO STATE FOR CONSPIRACY AGAINST DEFENDANT JST UNDER 42 U.S.C. § 1985 ...................................... 9

    POINT III

    PLAINTIFF'S ALLEGATIONS OF CRIMINAL ACTIVITY ARE CONCLUSORY....................................................................................... 12

CONCLUSION........................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662, 678 (2009)
(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))…………………………..6/7

*Ashcroft v. Iqbal*
556 U.S. at 678
(citing *Twombly*, 550 U.S. at 556)……………………………………………….…..8

*Bell Atl. Corp. v. Twombly*
550 U.S. 544, 555 (2007)……………………………………………………………….7

*Capogrosso v. The Supreme Court of N.J.*
588 F.3d 180, 185 (3d Cir. 2009)………………………………………………………10

*Conley v. Gibson*
355 U.S. 41, 47 (1957)……………………………………………………………...…..8

*Cranbury Brook Farms v. Township of Cranbury*
226 F. App'x. 92, 95 n.4 (3d Cir. 2007)…………………………………………………11

*Farber v. City of Paterson*
440 F.3d at 134 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971))………………11

*Farber v. City of Paterson*
440 F.3d at 134……..……………………………………………………………………..11

*Fowler v. UPMC Shadyside*
578 F.3d 203, 211 (3d Cir. 2009)…………………………………………………………7

*Griffin v. Breckenridge*
403 U.S. 88, 102 (1971)…………………………………………………………………12

*Hauptmann v. Wilentz*
570 F. Supp. 351, 374 - 375 (D.N.J. 1983) *aff'd*, 770 F.2d 1070 (3d Cir. 1985)…….10/11

*Hauptmann v. Wilentz*
570 F. Supp. at 374 – 375…..……………………………………………………………12

*Malleus v. George*
641 F.3d 560, 563 (3d Cir. 2009)
Page…………………………………………………………………………………….7

*Malleus v. George*
641 F.3d 563…………..………………………………………………………………….7

*Mortensen v. First Fed. Sav. & Loan Ass'n*
549 F.2d 884, 891 (3d Cir. 1977)…………………………………………………………..6

*Mortensen v. First Fed. Sav. & Loan Ass'n*
549 F.2d 891 …………………………………………………………………………….6

*Owens v. Armstrong*
171 F. Supp. 3d 316, 328-29 (D.N.J. 2016) (citing *Farber v. City of Paterson*,
440 F.3d 131, 134 (3d Cir. 2006) ……………………………………………………10

*Papaiya v. City of Union City*
238 F. App'x 848, 851 (3d Cir. 2007)
(quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)……………….9/10

*Schering Plough Corp. Intron/Temodar Consumer Class Action*
678 F.3d 235, 244 (3d Cir. 2013)…………………………………………………………..13

*Skinner v. Switzer*
562 U.S. 521, 530 (2011)……………………………………………………………..8

*Smolow v. Hafer*
353 F. Supp. 2d 561, 566 (E.D. Pa. 2005)………………………………………………….6

*Twombly* and *Iqbal*
550 U.S. at 570………………………………………………………………………….8

*Twombly* and *Iqbal*
556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)……………………………………….8

**Court Rules**

N.J.S.A. 9:6-1(e)……………………………………………………………………………5, 12

N.J.S.A. 9:6-8.21 (c)(3)…………………………………………………………………..5, 12

N.J.S.A. 2C:14-2………………………………………………………………………..5, 12

N.J.S.A. 2C:14-3………………………………………………………………………….5, 12

**Statutes**

18 U.S.C. §2423…………………………………………………………………………..5, 13

42 U.S.C. §1985………………………………………………………………………..…*passim*


**Other Authorities**

Fed. R. Civ. P. 8(a)(2)………………………………………………………………….. *passim*

Fed. R. Civ. P. 12(b)(1)…………………………………………………………………… *passim*

Fed. R. Civ. P. 12(b)(6)………………………………………………………………….. *passim*

**PRELIMINARY STATEMENT**

Plaintiff Courtney Tamagny (Plaintiff CT) and Plaintiff Jeanne Tamagny (Plaintiff JT) failed to plead a viable cause of action against Defendant John Scott Tamagny (JST) and therefore Plaintiffs' Complaint must be dismissed as a matter of law.

The gravamen of the Complaint arises from a long-term custody and divorce battle between Plaintiff JT and Defendant JST. Exhibit B ¶ 11. This custody litigation was exacerbated by allegations that Defendant JST engaged in sexual misconduct with his daughters, in particular Plaintiff CT, Exhibit B ¶ 14, which resulted in an investigation by the New Jersey Division of Child Protection & Permanency ("DCP&P") and the Bergen County Prosecutor's Office. Exhibit B ¶ 14 (r-s)(26).

Plaintiff's claims fail to meet the threshold requirements established by *Twombly* and *Iqbal*. [1]

Plaintiff's claims for conspiracy against Defendant JST under the common law and under 42 U.S.C 1985 should be dismissed with prejudice, as Plaintiff's Complaint fails to contain any

---

[1] In Plaintiff's Amended Complaint, Counts one through 3 (1-3) do not allege a cause of action against Defendant JST. As such, those counts will not be addressed in the instant motion. This clarification is raised to the Court in an abundance of caution.

1

factual allegations to state a plausible claim for conspiracy against the remaining named Defendants.

Apart from the above, Plaintiff's Complaint should be dismissed with prejudice as to Defendant JST as it fails to state a claim for relief.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Courtney Tamagny filed her complaint on January 28, 2025, ECF No.1. Plaintiff Courtney Tamagny added Jeanne Tamagny as a party and filed the amended complaint on March 19, 2025, ECF No. 23.

At the time the Defendant JST filed for divorce in the Bergen County Superior Court, the parties had been married for 21 years 10 months. Exhibit B ¶ 11.[2] Defendant JST and Plaintiff JT had three children born of the marriage: ST, born June 17, 2003, CT, born November 23, 2004 and MT, born September 30, 2007. Exhibit B ¶ 1

Although no dates were provided in the Complaint, Plaintiff CT alleges she was "sexually abused and assaulted" by Defendant JST while she was a minor. Exhibit B ¶ 14. Earlier in the divorce litigation, Plaintiff CT had a sudden recollection "that she had been blocking the memory of the abuse". Exhibit B. ¶ 14(m).

---

[2] All "Filed" Bergen County Superior Court documents under FM-02-220-22 are all subject to the record being sealed and are not public.

2

Plaintiff alleges the youngest daughter, MT, which Defendant JST seeks to have parenting time with, "would be shaking, crying, and hiding in their closet." Exhibit B. ¶ 14(n). On or about February 7, 2022 Plaintiff CT had her therapist initially contact DCP&P. Exhibit B ¶ 14(r). Immediately thereafter, the Bergen County Prosecutor's Office was contacted by DCP&P. Exhibit B. ¶ 14(t). Over two years later, Plaintiff JT brought Plaintiff CT and her older emancipated sister ST to meet with Dr. Gold in Florida for less than four hours and submitted a net report to her Complaint to support her claims. Exhibit B ¶ 16.

Critical for this submission, and noted by Dr. Gold was that he **did not** evaluate, meet, or question the daughter MT, Plaintiff JT, **nor** Defendant JST. Exhibit B (Dr. Gold's sealed report). Dr. Gold further confirmed in his writing that it was "not possible for an assessment such as this to categorically conclude" that Courtney Tamagny was sexually abused. Dr. Gold further advised the Court that his meetings were brief, and he required additional information for a full report to be issued:

> **"LIMITATIONS OF THE CURRENT REPORT:** Given the extremely brief period between my meeting with ST and the time constraints requiring submission of this report, there are a number of additional measures that should be taken to further evaluate CT's and ST's accounts of abuse.
>
> Chief among these is ST's medical, psychological, and educational records, and a photocopy of a journal kept by ST, which I have not had the opportunity to review because I just received them while composing this report.

3

> In addition, it would be essential for me to speak with CT's and ST's therapists to gather more information about their current mental status, reported recollections of abuse, the pattern of their recollections over time, and their respective courses of treatment. It will also be important for me to conduct psychological testing to more formally assess for the presence of trauma-related symptoms and disorders such as PTSD and dissociative disorders.
>
> For all these reasons, I reserve the right to expand upon the current version of this report and my professional opinion.
>
> **CONCLUSIONS:** Although it is **<u>not possible for an assessment such as this to categorically conclude whether or not childhood sexual abuse occurred</u>** "(bold and underline added).

Despite the above disclosure by Dr. Gold that he had not completed his investigation, and that he could not confirm the occurrence of sexual abuse by Defendant JST, Plaintiff CT attached a second letter from Dr. Alexander in Florida wherein he concurred with Dr. Gold's assessment of Plaintiff CT and her sister. Notably, Dr. Alexander reviewed a limited set of documents regarding daughter MT, and did not speak with any of the family members. Exhibit B (Dr. Alexander Sealed Letter) Despite all of the family members having been evaluated by the Audrey Hepburn Children's House, Dr. Alexander only reviewed two of the five evaluations. Exhibit B (Dr. Alexander Sealed Letter) Most significantly, however, neither Dr. Gold nor Dr. Alexander reviewed the evaluation of Defendant JST. Exhibit B (Sealed Reports

Noticeably absent from the Complaint are references from DCP&P, or the reports generated from the DCP&P/Audrey Hepburn's Children's House and submitted for review by the Florida doctors,

4

or the Bergen County Prosecutor's Office that charges were filed against Defendant JST.  Plaintiff avers Defendant JST to be in violation of N.J.S.A. 9:6-1(e), 9:6-8.21(c)(3), 2C:14-2, 2C:14-3 and 18 U.S. Code section 2423.  Exhibit B ¶ (24)(25).  The Complaint failed to confirm whether or not criminal charges were filed against Defendant JST as noted above. Instead, Plaintiff asserts both DCP&P and the Bergen County Prosecutor's Office of conspiring, suppressing information, hiding evidence, blaming the Plaintiff and committed due process violations. Exhibit B ¶ (26)(a-h)  Plaintiff's Complaint is conclusory, and is a presentment of allegations for criminal charges which were never filed. For these reasons and Plaintiff's claims as to Defendant JST fail to state a claim upon which relief can be granted under Rule 12(b)(6) and therefore must be dismissed as a matter of law.

## STANDARD OF REVIEW

**A. Standard of Review Under Federal Rule of Civil Procedure 12(b)(1) For Lack of Subject Matter Jurisdiction**

In determining whether a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, a reviewing court must first determine whether the defendant's motion attacks (1) the complaint as deficient on its face; or (2) the existence of subject matter jurisdiction in

5

fact. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). A defendant's "facial attack" entails an assertion that the plaintiff did not properly plead jurisdiction, whereas a defendant's "factual attack" involves an averment that jurisdiction is lacking on the basis of facts outside of the pleadings. *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).

Where the defendant's Rule 12(b)(1) motion facially attacks the complaint, the court must take all allegations in the complaint as true. *Mortensen*, 549 F.2d at 891. Where, however, the defendant attacks the court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to the plaintiff's allegations, and the court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. *Id.* The plaintiff bears the burden of proof that subject matter jurisdiction does in fact exist. *Id*.

**B. Standard of Review Under Federal Rule of Civil Procedure 12(b)(6) For a Motion to Dismiss to be Granted**

In lieu of filing an answer to a complaint, a responding party may file a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ.P. 12(b)(6). To survive a motion to dismiss under this Rule, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id*.

When considering a Rule 12(b)(6) motion, a district court should undertake a three-prong analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2009). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.; Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563. This finding requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

7

# ARGUMENT

## POINT I

**PLAINTIFF FAILS TO PLEAD A "SHORT AND PLAIN STATEMENT" THAT SHE IS ENTITLED TO RELIEF AGAINST DEFENDANT JST**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff need not underpin her claims under a precise legal theory or present an exposition of her legal argument, *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), but the complaint's factual allegations must be sufficient to raise a right to relief above a speculative level, so that the claim is "plausible on its face." *Twombly*, 550 U.S. at 570. The facial-plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Even when reviewing the complaint liberally, Plaintiff fails to plead factual content against Defendant JST.

Plaintiff makes conclusory legal statements against him, but does not include any factual information to support such claims. By way of example, Plaintiff alleges she had "specific recall on other occasions of the Defendant Father entering the shower" was conclusory without any specificity which would confirm "specific recall."  Notably, Plaintiff CT has created a story and narrative which has been repeatedly unfounded and dismissed.  As such, all claims currently against Defendant JST should be dismissed because the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief".

## POINT II

### PLAINTIFF FAILS TO STATE FOR CONSPIRACY AGAINST DEFENDANT JST UNDER 42 U.S.C.§ 1985.

Apart from the above, Plaintiff's claims under § 1985 should also be dismissed with prejudice as to the Defendant JST as Plaintiff's complaint contains no factual allegations to state a claim for conspiracy. Section 1985 of 42 U.S.C. deals with conspiracies to interfere with civil rights. § 1985 does not itself create any substantive rights but acts as a "vehicle to vindicate [other] federal rights and privileges." *See Papaiya v. City of Union City*, 238 F. App'x 848, 851 (3d Cir. 2007) (quoting *Brown v. Philip Morris,*

9

*Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

To establish a claim under 42 U.S.C. § 1985, a plaintiff must show (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 328-29 (D.N.J. 2016) (citing *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006)).

In order to survive a Rule 12(b)(6) motion, the plaintiff must also allege facts supporting the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009)). It is not enough for a plaintiff "to make merely broad or conclusory allegations concerning the existence of . . . a conspiracy . . . Rather, plaintiffs must allege with sufficient particularity that the [defendants] reached some understanding or agreement, or plotted, planned and conspired together, to deprive plaintiffs of a federal right." *Hauptmann v. Wilentz*, 570 F. Supp. 351, 374 - 375 (D.N.J. 1983) *aff'd*, 770 F.2d 1070

10

(3d Cir. 1985). Plaintiff has failed to present any allegations, connection, or facts which would establish a relationship between Defendants, whether orally or in writing.

Further, a plaintiff must allege facts that plausibly suggest, "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a claim. *Farber*, 440 F.3d at 134 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Cranbury Brook Farms v. Township of Cranbury*, 226 F. App'x. 92, 95 n.4 (3d Cir. 2007) (a plaintiff must allege that the conspiracy was "motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws.").

Here, Plaintiff's alleged claims of conspiracy under § 1985 should be dismissed with prejudice as to the Defendant JST, as Plaintiff's complaint fails to contain any factual allegations to state a claim against the Defendant JST for civil conspiracy.

Consequently, and as a matter of law, the complaint must be dismissed as Plaintiff's complaint does not contain any factual allegations to support the existence of a conspiratorial agreement. *See Farber*, 440 F.3d at 134. It also fails to contain any factual allegations to show that a

11

gender or class-based discriminatory animus motivated the Defendants' alleged actions. *See Griffin*, 403 U.S. at 102. Plaintiff asserts that the Defendants have committed acts that caused Plaintiff damages. Plaintiff's conclusory assertions are insufficient to state a claim for conspiracy under § 1985. *See Hauptmann*, 570 F. Supp. at 374 - 375.

## POINT III

### PLAINTIFF'S ALLEGATIONS OF CRIMINAL ACTIVITY ARE CONCLUSORY

Plaintiff avers Defendant JST to be in violation of N.J.S.A. 9:6-1(e), 9:6-8.21(c)(3), 2C:14-2, 2C:14-3 and 18 U.S. Code section 2423. Exhibit B ¶ (24)(25). The Complaint failed to provide whether or not criminal charges were filed against Defendant JST as noted above.  A review of the public record does not reveal charges having been filed against Defendant JST.  Plaintiff further asserts there were no charges because DCP&P and the Bergen County Prosecutor's Office of conspiring, suppressing information, hiding evidence, blaming the Plaintiff and committed due process violations. Exhibit B ¶ (26)(a-h)  Plaintiff's Complaint is conclusory, and is a presentment of allegations for criminal charges which were never filed. Despite no reporting by Plaintiff that criminal charges were filed Federally, or by the County, Plaintiff alleged Defendant JST committed acts

12

of:

>Assault and Battery
>Incestuous Abuse as defined in N.J.S.A. 2C:14-2(A)
>Intentional Infliction of Emotional Distress,
>Negligent Infliction of Emotional Distress
>Breach of Parental Duty, Due Process violation of right to be parented, U.S. Const. amend. XIV. ¶1
>False Imprisonment
>Invasion of Privacy
>Transportation of Minors, 18 U.S. Code section 2423 and 18 USCA 2423

In reviewing the Complaint, the underlying allegations provided for the above counts were formulaic and provided as if to be written for the cause of action itself, or a criminal cause of action. The story and allegations were speculative and failed to state a "plausible claim for relief." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2013). For these reasons and Plaintiff's claims as to Defendant JST fail to state a claim upon which relief can be granted under Rule 12(b)(6) and therefore must be dismissed as a matter of law.

## CONCLUSION

For these reasons, Defendant JST respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

By: /s/ *Helene C. Herbert*
    Helene C. Herbert, Esq.
    HERBERT & WEISS, LLP
    Attorney for Defendant JST

Date: April 4, 2025