

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL C. WALTERS
*Acting Director*

April 23, 2025

**<u>Via CM/ECF</u>**
Honorable Susan D. Wigenton, U.S.D.J.
District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    <u>Courtney Tamagny v. DCP&P, et al</u>.
             Civil Action No.: 2:25-cv-00732 (SDW-CLW)

Dear Judge Wigenton:

      I represent Defendants State of New Jersey, New Jersey Division of Child Protection and Permanency, New Jersey Department of Children and Families, Christine Norbut Beyer, Joanna Holota and the Bergen County Prosecutor's Office, (collectively "State Defendants") in the above-entitled matter. Pursuant to this Court's judicial preferences and in the interest of preserving judicial resources, please accept this letter as a request for a pre-motion conference in anticipation of the State Defendants filing a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

      On January 28, 2025, Plaintiff Courtney Tamagny filed a complaint in this Court against the State Defendants, her father Scott Tamagny and Keith Slevin, a family friend. (ECF No.1). On February 24, 2025, Defendants filed an Application and Proposed Order for a Clerk's Order to extend time to answer. (ECF No.10). That application was granted on February 25, 2025, which made Defendants' response due March 11, 2025. *Id.* On March 10, 2025, Defendants requested a 30-day



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2440 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

extension to respond to the complaint, which made Defendants' response due April 10, 2025. On March 19, 2025, Plaintiff filed an Amended Complaint. (ECF No. 23). On April 10, 2025, the Court granted the State Defendants' request for an extension to April 24, 2025, in which to respond.

In the Amended (the operative) Complaint, Plaintiff Courtney Tamagny, added her mother, Jeanne Tamagny, as an additional Plaintiff. Plaintiff Courtney Tamagny claims her father, Scott Tamagny, who serves as the Chief of Police in Leonia Township, sexually abused and assaulted her. She claims Keith Slevin, a neighboring friend of her father also sexually assaulted her while her father watched. *Id*. The sexual abuse, she claims, occurred while she was a minor between the ages of 4 and 15. *Id.* at ¶ 14. She alleges her earliest memory of the sexual abuse occurred when she was 4 or 5 years old on days when he mother was not at home. *Id.*

Plaintiff acknowledged her father is presently estranged from her mother and that her parents are involved in marital litigation pending a divorce in the Superior Court of New Jersey entitled: *John Scott Tamagny v. Jeanne Tamagny*, Docket Number FM-02-220-22. Id. at ¶ 11. She claims when her father left the marital home, she started having flashbacks and that her mother has been a stabilizing support for comfort. *Id*. at ¶ 14. Plaintiff, who is now fully emancipated, claims she realized she had been blocking memory of the sexual abuse for years and was in denial. *Id*.

Regarding specific claims against the State Defendants, Plaintiff Courtney Tamagny claims that on February 7, 2022, when she was 17 years old, her therapist made a referral to State Defendant Division of Child Protection and Permanency ("DCP&P") about the abuse. *Id*. She claims further that State Defendant Joanna Holota, was the lead investigator for DCP&P and that the BCPO also conducted a joint investigation. *Id*. According to Plaintiff however, the State Defendants took no action to protect her and conducted an inadequate investigation that deprived her of her constitutional rights to be free from harassment and sexual abuse. She also claims the State Defendants failed to conduct the investigation using individuals with specialized knowledge and experience in conducting forensic interviews involving sexual abuse. *Id*.

Based on those allegations, Plaintiff asserted several causes of action against the State Defendants in Counts 1 through 4 of the Amended Complaint.[1] In Court 1,

---

[1] Although the Amended Complaint consists of Counts 1 through 12, Plaintiffs did not assert any claims against the State Defendants in Counts 5 through 12, as claims

Plaintiffs assert civil rights claims under 42 U.S.C. § 1981 and 1983, for violations of their Fourteenth Amendment Right to Parent and Familial Association. *Id.* at Count 1, ¶¶ 1-2. She claims the State Defendants knew it was unlawful to conduct sham child abuse investigations, to collude with others and misrepresent the nature of their limited inquiry as having satisfied Title 9 or other standard investigations and other established report procedures and failed in their statutory duties to provide protection for an abused child, or failed to aid the Plaintiffs. *Id.*

In Count 2, Plaintiffs assert claims under 42 U.S.C. § 1985 and § 1986 against the State Defendants for conspiracy to violate their civil rights under the Fourteenth Amendment and their rights to parental and familial associations. *Id.* at Count 2, ¶¶ 1-3. While acting under the color of state law, Plaintiffs claim the State Defendants conspired with the Father, Scott Tamagny and Defendant Keith Slevin, to deprive them of their constitutional rights. Specifically, they claim the State Defendants conspired to and did act, agree and/or conspire to unlawfully misrepresent, make false statements and reports, and purposely failed to conduct a thorough investigation of sexual and physical abuse of minors. *Id.*

In Count 3, Plaintiffs allege civil rights violations against the State Defendants under 42 U.S.C. §§ 1981 and 1983 for violations of due process and equal protection. *Id.* at Count 3. Specifically, they claim the State Defendants deprived them of their constitutional rights under the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution, including the right to liberty, familial association and the right to due process of law. *Id.* at ¶ 2.

Finally, in support of Count 4, Plaintiffs claim the State Defendants conspired with the father, Scott Tamagny and Defendant Keith Slevin to deprive them of their constitutional rights and conspired to unlawfully misrepresent, make false statements and reports, and fail to conduct a thorough investigation of sexual and physical abuse of minors, namely, Plaintiff Courtney Tamagny and her siblings. *Id.* at Count 4, ¶¶ 2-3. Plaintiffs also claim Defendants took several acts in furtherance of the conspiracy including, but not limited to acting, agreeing, and conspiring to misrepresent, make false statements and reports, fail to conduct a thorough investigation of sexual and physical abuse, which deprived the Plaintiffs of their constitutional rights. *Id.* at ¶ 5.

---

in those counts were only against the father, Scott Tamagny and the neighbor, Keith Slevin. (See Counts 5 through 12 of the Amended Complaint).

Notwithstanding Plaintiffs allegations against the State Defendants however, the complaint should be dismissed for several reasons. First, the Eleventh Amendment to the United States Constitution prohibits "suits brought in federal courts by [a State's] own citizens as well as by citizens of another state" against the State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").

Second, all claims against the state, state agencies and all individually-named State Defendants in their official capacity should be dismissed because they are not persons subject to suit under 42 U.S.C. § 1983. While this statute provides a federal forum to remedy many deprivations of civil liberties, it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 60 (1989).

Third, Plaintiffs acknowledged in the complaint an ongoing marital litigation in the Superior Court of New Jersey that involves at least one minor child. (*See* amended Complaint, ¶ 1 under "Facts Common To All Counts;" ¶ 11). As a result of that admission, this Court is required to abstain from interfering with any state-court determinations related to custody – the *Rooker-Feldman* doctrine (if Plaintiff's state-court proceedings are concluded) or *Younger* abstention (if the proceedings are ongoing). *Younger* abstention "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019).

Regarding conspiracy, it is a vehicle by which 1983 liability may be imputed to those who have not actually performed the act of denying constitutional rights. *Fioriglio v. City of Atl. City*, 996 F. Supp. 379, 385 (D.N.J.) 1998*), aff'd*, 185 F.3d 861 (3d Cir. 1999). Accordingly, "a 1983 conspiracy claim is not actionable without an actual violation of 1983. *PBA Local No. 38 v. Woodbridge Police Dept*. 832 F. Supp. 808, 832 (D.N.J, 1993). Moreover, to present an adequate conspiracy claim, there must be allegations of (1) an agreement between two or more state actors, or "a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir.2002) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999)). "[C]omplaints [as here] containing only conclusory, vague, or general allegations

that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." *See id.* at 325 (quoting *Dwares v. New York*, 985 F.2d 94, 100 (2d Cir.1993)).

As for claims against State Defendants Christine Norbut Beyer and Joanna Holota in their individual capacity, dismissal of all claims against them is appropriate because they are entitled to qualified immunity. As noted herein, the basis of Plaintiffs' constitutional claims relate to an alleged inadequate child abuse investigation. However, there is no recognized constitutional right to an adequate investigation. The Third Circuit has specifically found that "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Fuchs v. Mercer County*, 260 Fed. Appx. 472, 475 (3d Cir. 2008) (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Ci. 2007)). Perhaps unsurprisingly, it follows that there is no constitutional requirement to "undertake an exhaustive investigation." *Merkle v. Upper Dublin School Dist.*, 2111 F.3d 782, 790, n.8 (3d Cir 2000).

Moreover, claims of "negligent investigation" are not even cognizable in a civil rights context. See O*rsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *see also Williams v. Dargan*, 10-2367, 2011 U.S. Dist. LEXIS 10610, at *18-19 (D.N.J. Feb. 3, 2011). Indeed, "negligence does not trigger a constitutional violation." *McGillvary v. Union Cty.*, No. 15-8840, 2020 U.S. Dist. LEXIS 75909, at *14 (D.N.J. Apr. 30, 2020) (citing *Daniels v. Williams*, 474 U.S. 327, 334 (1986) and *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). As the Third Circuit has explained, "negligence by public officials is not actionable as a due process deprivation of a civil right." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (citing *Orsatti*, 71 F.3d at 484).

Based on the foregoing, the State Defendants respectfully request a pre-motion conference to file a Motion to Dismiss the Amended Complaint.

        Respectfully submitted

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

        By:   s/Marvin L. Freeman
              Marvin L. Freeman
              Deputy Attorney General