UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COURTNEY TAMAGNY,**<br><br>Plaintiff,<br><br>v.<br><br>**DIVISION OF CHILD PROTECTION AND PERMANENCY, et al.,**<br><br>Defendants. | Civil Action No. 25-0732-SDW-CLW<br><br>**OPINION AND ORDER** |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Defendant Keith Slevin and Scott Tamagny's Joint Motion to Proceed via Pseudonym. (ECF Nos. 7 & 8). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court addresses Defendants' motion without oral argument. Upon careful consideration of the record for this matter and for the reasons discussed herein, the Court **DENIES** Defendants' Motion.

**I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Courtney Tamagny ("Plaintiff") brought this action against her father, Defendant John Scott Tamagny, and Defendant Keith Slevin (collectively, "Defendants") for assault and battery, incestuous abuse of a minor in violation of N.J.S.A. 2C:14-2(a), intentional infliction of emotional distress, negligent infliction of emotional distress, breach of parental duty, false imprisonment, invasion of privacy, and transportation of a minor in violation of 18 U.S.C. § 2423, in connection with her alleged sexual abuse as a minor.[1]  (*See generally* Complaint, ECF. No. 1).

---

[1]    Plaintiff also sued State Agencies and Offices within the State of New Jersey.  (Complaint, ECF. No. 1).

Throughout this litigation, Plaintiff proceeded by using her full legal name and has identified Defendants using their legal names. (*See id.*). On February 19, 2025, Defendant Keith Slevin filed a Motion to Proceed Pseudonymously, which Defendant John Scott Tamagny joined. (ECF Nos. 7 & 8). Plaintiff filed an opposition to Defendants' requested anonymity, (ECF No. 24), and Defendants filed replies to Plaintiff's opposition, (ECF Nos. 25 & 26).

## II.  LEGAL DISCUSSION

### A.  Legal Standard

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d. Cir. 2011) (citations omitted) (alterations in original). Federal Rule of Civil Procedure 10(a) "requires plaintiffs to identify [the parties'] real names in the Complaint." *Doe v. Hillsborough Twp. Bd. of Educ.*, No. 23-cv-22597, 2024 WL 4028293, at *4 (D.N.J. Aug. 30, 2024); F. R. Civ. P. 10(a) ("the complaint must name all the parties"). The "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

However, a party may proceed anonymously when the party can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). A party's fear of "embarrassment or economic harm is not enough." *Id.* (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 37 (3d Cir. 2008)). Courts must evaluate whether the "litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014) (citing *Megless*, 654 F.3d at 408).

2

The Third Circuit enumerated six factors weighing in favor of maintaining anonymity, which include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 408 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Alternatively, factors that "disfavor[] anonymity" are:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*. (quoting *Provident Life*, 176 F.R.D. at 467-68).  The *Megless* factors are non-exhaustive, and courts should consider them, "along with any others that appear pertinent in the context of a particular case." *In re Allergan BIOCELL Textured Breast Implant Prods. Liab. Litig.*, No. 19-cv-2921, 2020 WL 4745558, at *2 (D.N.J. Aug. 17, 2020); *accord Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *5 ("The Third Circuit in *Megless* emphasized that the nine factors are non-exhaustive and directed courts to consider the facts and particular circumstances of each case in determining whether to grant a request to proceed under a pseudonym.").

"Ultimately, '[t]he decision to allow a [a litigant] to proceed anonymously rests within the sound discretion of the court.'" *Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *5 (quoting *Oshrin*, 299 F.R.D. at 103).

### B. Defendants Cannot Establish Their Entitlement to Proceed Pseudonymously

The Court concludes that Defendants have not established that they should proceed anonymously under *Megless*. Specifically, the Court finds that Defendants do not articulate a cognizable harm to keep their identities sealed and have made little efforts to maintain the confidentiality of their identities during the pendency of this litigation.

As to factor one—the extent to which the litigants are kept confidential—both Defendants assert that because the Plaintiff submitted documents identifying her by her initials, along with her minor siblings, that this should counsel in their favor to proceed anonymously. (Slevin Brief at 5, ECF No., 7-3 & Df. Tamagny Reply Brief at 2, ECF No. 26). The Court is not persuaded. Plaintiff's publicly filed complaint reveals her identity, as well as the Defendant's identities. Defendants' identities have remained on the docket for several months, and the State of New Jersey Co-Defendants also identified Defendants by their full names in public filings. At no point during this litigation, aside from the instant motion, have Defendants attempted to keep their identities confidential by making efforts to seal the docket entries using their full names. As such, this factor weighs against Defendants.

Factor two considers the bases upon which disclosure is substantially feared. Defendants argue that because the present matter involves their alleged sexual misconduct, they are likely to experience a substantial risk of harm—such as reputational harm, retaliation or violence, and adverse employment consequences—should their identities remain public. (Slevin Brief at 6, ECF No., 7-3 & Df. Tamagny Brief at 5, ECF No. 8). Defendants' concerns arise solely out of the

4

inflammatory nature of sexual assault accusations. (*Id.*). The Court is not convinced. As the Third Circuit forewarned in *Megless*, these are the sort of fears of "embarrassment or economic harm" that do not support proceeding pseudonymously. 654 F.3d at 408. Accordingly, courts in this District, generally, do not give this factor much weight as a result of the risks associated with a party's status as an accused perpetrator. *See id.* at 410 ("[T]o the extent that the flyers publicly accused [the plaintiff] of being a pedophile, litigating publicly will afford Doe the opportunity to clear his name in the community. Litigating publicly will not contribute further to the harm that he alleges has already occurred."); *Doe v. Princeton Univ.*, No. 19-cv-7853, 2019 WL 5587327, at *3–*4 (D.N.J. Oct. 30, 2019) ("[T]he Court is not convinced by Plaintiff's anecdotal evidence that the stigma associated with alleged perpetrators of sexual assault is any more severe than it has historically been"); *Doe v. Temple Univ.*, No. 14-cv-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (rejecting the plaintiff's arguments that "allowing the public to connect his name with sexual misconduct would result in 'further damage to his personal and professional reputation' and "that he will likely be unable to attend medical school unless his record is cleared"); *Doe v. Rider Univ.*, No. 16-cv-4882, 2018 WL 3756950 at *5 (D.N.J. 2018) ("Plaintiff's concerns regarding difficulties he may experience gaining admission to other colleges and/or obtaining employment are not of such a severe or extraordinary nature to support Plaintiff's request for anonymity. Instead, these fears, though reasonable, amount to little more than a fear of embarrassment or economic harm.").

The Court additionally observes that in this District, it is typically victims, rather than accused perpetrators, who have been found to adequately articulate concrete harms associated with their alleged sexual abuse. *See e.g., Doe v. Princeton Univ.*, No. 20-cv-4352, 2020 WL 3962268 at *3–*4 (D.N.J. Jul. 13, 2020) (noting that "[v]ictims of sexual assault have been deemed a

vulnerable class worthy of protected status" and that "this factor weigh[ed] in favor of Plaintiff's motion because of his status as an alleged victim of intimate partner violence, not because of his status as an alleged perpetrator of intimate partner violence"); *Doe*, 2019 WL 5587327, at *3–*4 (finding this factor the plaintiff's favor because of his status as an alleged victim of sexual assault, making him a "vulnerable class worthy of protected status"); *Doe v. Trishul Consultancy, LLC*, No. 18-cv-16468, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) (recognizing that disclosure of the sexual assault victim's identity carries a concrete risk of severe emotional harm and revictimization); *Doe v. Rutgers*, No. 18-cv-12952, 2019 WL 1967021, at *3 (D.N.J. April 30, 2019) (finding that plaintiff's alleged harm goes beyond boilerplate injuries associated with being a victim of sexual assault). Because Defendants failed to sufficiently demonstrate reasonable fears of severe harm beyond mere speculation, this factor weighs heavily against proceeding anonymously.

Finally, Defendants do not address any of the other *Megless* factors, instead relying on caselaw from sister circuits that do not bind this Court. For that reason, the Court finds that Defendants waived their opportunity to argue that the remaining *Megless* factors weigh in their favor. *Laborers' Int'l Union of N.A. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (An argument is "waived unless a party raises it in its opening brief, and for those purposes, 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (quoting *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991)). As such, the Court finds that factors one and two, as sufficiently addressed by Defendant's briefs, do not support maintaining their anonymity. Defendants' fears of adverse harm to their reputation and career opportunities may be remedied in open court as Defendants have an opportunity to defend against the claims asserted herein by Plaintiff. *Megless*, 654 F.3d at 410.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Proceed via Pseudonym is **DENIED**.

It is on this 12th day of June, 2025,

**ORDERED** that Defendants John Scott Tamagny and Keith Slevin are to proceed using their legal names during this litigation; and it is further

**ORDERED** that the Clerk of the Court shall terminate ECF No. 7.


*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor**
**United States Magistrate Judge**


Cc:   Hon. Susan D. Wigenton, U.S.D.J.