**DEMETRIOS K. STRATIS, ESQ. (022391991)**
**Ruta, Soulios & Stratis, LLP**
10-04 River Road
Fair Lawn, New Jersey 07410
(201) 794-6200 / (201) 794-6300 Fax
Email: dstratis@stratislaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY TAMAGNY AND JEANNE TAMAGNY<br><br>Plaintiffs,<br><br>-vs-<br><br>DIVISION OF CHILD PROTECTION ET AL.<br><br>Defendants | CASE NO.: 2:25-cv-00732 |

BRIEF IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

Preliminary Statement…………………………………………………………..3

Statement of Facts……………………………………………………………….3

Legal Argument…………………………………………………………………4

**POINT I: PLAINTIFFS ARE ENTITLED TO FILE A SECOND AMENDED COMPLAINT**  4

**POINT 2. LEAVE SHOULD BE GIVEN TO PERMIT REPLEADING OF THE CLAIM IF DEEMED NECESSARY**  8

Conclusion………………………………………………………………………9

## PRELIMINARY STATEMENT

Plaintiffs seek to amend their complaint to add a party Defendant, an agent of the Bergen County Prosecutor's Office who was in charge of the investigation into the allegations of sexual abuse. This matter is in its infantile stage as no Answer has been filed by the affected parties and amendments are to "freely given."

## STATEMENT OF FACTS

Plaintiff incorporates by reference the facts set forth in the filed Amended Verified Complaint. (Exhibit C attached to the Certification of Defendants Counsel). Plaintiffs seek leave of Court to file a Second Amended Complaint to add the identity of the lead investigator for the Defendant Bergen County Prosecutor's Office who conducted the investigation into the claims of sexual assault as asserted in the Complaint.

By way of summary and as a preliminary statement, Plaintiffs collectively sue the Defendants DCF, DCPP, Bergen County Prosecutors Office, and those individuals associated with these agencies and offices (collectively "State Defendants") for violation of civil rights pursuant to 42 USCA sect 1983 and as set forth in the Fourteenth Amendment which states that no "state shall deprive any person of life, liberty, or property, without due process of law." U.S. Const.

amend. XIV, § I. Included within the due process clause is the right to parent and the right to be parented. See Troxel v. Granville, 530 U.S. 57, 65 (2000). Plaintiffs assert that their rights as protected by the U.S Constitution have been violated. Plaintiff Courtney Tamagny, as daughter of Plaintiff Jeanne Tamagny and daughter of Defendant John Scott Tamagny (hereinafter "Father"), asserts and verifies that she was sexually abused and assaulted by Defendant Father and Defendant Keith Slevin. The abuse occurred while she was a minor and for years therefter until she was 15 years of age. The facts upon which this Complaint is based, as verified by the affidavit attached to the Complaint and Amended Complaint, are set forth in the Complaint at length and include specific details of sexual abuse including vaginal and digital penetration and sexual touching by Defendant Father and Defendant Slevin. Plaintiffs allege that the State Defendants failed to investigate, failed to protect, and failed to exercise their duties and obligations and acted in a willful, wanton, reckless or grossly negligent manner and their conduct shocks the conscience. Plaintiffs seeks to add the identity of the lead investigator as a named Defendant. No Answer has been filed by the State Defendants. No discovery has started.

## LEGAL ARUGUMENT

### POINT I:  PLAINTIFFS ARE ENTITLED TO FILE A SECOND AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) provides that a court freely should grant leave to amend a complaint when justice so requires. The Rule embodies a liberal approach to amendment and provides that, following an initial amendment by right prior to the filing of a responsive pleading, a party is entitled to amend the compliant, even over the objection of the opposing party, "by leave of court." The rule specifies that "leave shall be freely given when justice so requires." We review the Commission's order denying a motion to amend for abuse of discretion. *Cornell & Co., Inc. v. OSHRC,* 573 F.2d 820, 823 (3d Cir.1978).

In evaluating challenges to the denial of opportunity to amend we have held consistently that leave to amend should be granted freely. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d Cir.1981). *See also, Bechtel v. Robinson,* 886 F.2d 644 (3d Cir.1989) (court should use "strong liberality" in considering whether to grant leave to amend). This approach ensures that a particular claim will be decided on the merits rather than on technicalities. *See* Wright, Miller and Kane, *Federal Practice and Procedure,* Vol. 6, § 1471 at 505 (2d ed. 1990).

The policy favoring liberal amendment of pleadings is not, however, unbounded. In *Foman v Davis,* the Supreme Court delineated factors which may weigh against amendment. These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

5

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

A district court may exercise its discretion to deny leave to amend a complaint in situations in which the plaintiff has delayed seeking leave to amend if the delay "is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d Cir.2008) (citing *Adams v. Gould,* 739 F.2d 858, 864 (3d Cir.1984)). Delay is "undue" when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. *Id.*

In *Adams v. Gould Inc.,* 739 F.2d at 864, the Court observed:

> Fed.R.Civ.P. 15 embodies the liberal pleading philosophy of the federal rules. Under Rule 15(a), a complaint may be amended once as a matter of right and afterward by leave of the court, which is to be freely granted. *See Foman v. Davis,* 371 U.S. 178 [83 S.Ct. 227, 9 L.Ed.2d 222, citations omitted] (1962); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597-98 (5th Cir.1981). This liberal amendment philosophy limits the district court's discretion to deny leave to amend. The district court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Foman* [ ], 371 U.S. at 182 [83 S.Ct. at 230, citation omitted]; *Boileau v. Bethlehem Steel Corp.,* 730 F.2d 929, 938 (3d Cir.[ ]), *cert. denied,* 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 150 (1984) ]. The court may also refuse to allow an amendment that fails to state a cause of action. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.[ ]), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983) ].

6

In this matter, no prejudice will exist to either party and there has been no delay, malice, or bad faith. This party seeks to file a Second Amended Complaint to include the name of the agent of the Defendant Bergen County Prosecutor's Office who was in charge of the sexual assault investigation. The Defendant's cannot assert any legally recognized prejudice and accordingly, the application should be granted. State Defendants have yet to file a responsive pleading and discovery has not yet begun and obviously has not concluded, and the Parties have yet to exchange any written discovery and the matter is in its initial stages of litigation. The Plaintiffs' claims have not changed and neither have the verified facts. As can been seen from the redline version of the proposed Second Amended Complaint, it is the identity of an agent of the State Defendants that Plaintiff's seek to identify in their Second Amended Complaint.

While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J.1997). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.*, 292 F.3d 103, 108 (3d Cir.2002); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006) (stating that generally, leave to amend should be granted "unless equitable considerations

render it otherwise unjust."). Furthermore, the non-moving party has the burden of demonstrating substantial or undue prejudice. <u>Heyl & Peterson International, Inc. v. F.D. Rich Housing, Inc.</u>, 663 F.2d 419, 426 (3d Cir.1981).

Here, the Defendants cannot demonstrate substantial or undue prejudice and they cannot establish bad faith or dilatory motive of the Plaintiffs. Accordingly, given the liberality with which amendments are permitted, Plaintiffs should be granted their request.

### **POINT 2. LEAVE SHOULD BE GIVEN TO PERMIT REPLEADING OF THE CLAIM IF DEEMED NECESSARY**

To the extent plaintiffs' claim is found to be deficiently pled by the Court, leave should be given to allow Plaintiff to replead that claim. Accordingly, should the Court determine that any claim is defective as pled we respectfully request leave to replead it pursuant to F.R.Civ.P. 15 (a) 1(b)(2) and (d); <u>Grayson v. Mayview St. Hosp</u>. 293 F.3d 108 (3d 2002). In <u>Darr v. Wolfe</u>, 767 F.2d 79 (3d Cir.1985), the court stated: "[T]his court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for

leave to amend under these circumstances is an abuse of discretion." *Darr*, 767 F.2d at 81.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court grant Plaintiffs Motion for Leave to file a Second Amended Complaint.

Dated: July 9, 2025                                    *Demetrios K. Stratis*
                                                       DEMETRIOS K. STRATIS, ESQ.