**DEMETRIOS K. STRATIS, ESQ. (022391991)**
**Ruta, Soulios & Stratis, LLP**
10-04 River Road
Fair Lawn, New Jersey 07410
(201) 794-6200 / (201) 794-6300 Fax
Email:  dstratis@stratislaw.com
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

COURTNEY TAMAGNY AND
JEANNE TAMAGNY

               Plaintiffs,

         -vs-

DIVISION OF CHILD PROTECTION
AND PERMANENCY; NEW JERSEY
DEPARTMENT OF CHILDREN AND
FAMILIES; CHRISTINE NORBUT
BEYER, Individually and as
Commissioner of the New Jersey
Department of Children and Families;
JOANNA HOLOTA, Individually and as
lead DCPP Investigator; BERGEN
COUNTY PROSECUTOR'S OFFICE;
SGT MATTHEW ZABLOCKI,
individually and as lead BCPO
investigator; STATE OF NEW JERSEY;
JOHN SCOTT TAMAGNY; KEITH
SLEVIN; JOHN DOES 1 to 20 (such
names being fictitious); JANE DOES 1
to 20 (such names being fictitious); XYZ

CASE NO.: 2:25-cv-00732

SECOND AMENDED VERIFIED
COMPLAINT
AND JURY DEMAND

COURTNEY TAMAGNY AND JEANNE TAMAGNY (hereinafter collectively "Plaintiffs"), residing at 12 Van Riper Rd, Montvale, New Jersey, 07645 by and through counsel files this civil action complaining as follows:

## NATURE OF THE ACTION

1.     Plaintiff Courtney Tamagny brings claims for sexual abuse and failure to protect depriving her of her constitutional due process rights, her fundamental right to be parented, her right to be free from government conspiracy with private actors to deprive her of her rights.  Plaintiff Jeanne Tamagny brings claims for failure to protect depriving her of her constitutional due process rights, her fundamental right to parent, her right to be free from government conspiracy with private actors to deprive her of her rights

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the Constitution of the United States of America, thus raising multiple federal questions.

2.     This Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks redress for the deprivation of constitutionally protected rights by those acting under color of state law.

3.     This Court has jurisdiction to grant the declaratory and injunctive relief

sought, pursuant to 18 U.S.C. § 2201, 18 U.S.C. § 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

4.      This Court has jurisdiction over Plaintiffs claims for attorneys' fees pursuant to 42 U.S.C. § 1988.

5.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiffs and Defendants reside in this district and all defendants are residents of New Jersey.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff Courtney Tamagny is the middle of three children of the Defendant Father John Scott Tamagny and Plaintiff Mother Jeanne Tamagny.  The oldest sibling is Sarah Tamagny and the youngest sibling is MT, who is the age of 17 and yet a minor.  Both Sarah and Plaintiff Courtney Tamagny are emancipated.  Plaintiffs are domiciled in Bergen County, New Jersey.

2. The Fourteenth Amendment states that no "state shall deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § I.  Included within the due process clause is the right to parent and the right to be parented.  See Troxel v. Granville, 530 U.S. 57, 65 (2000).

3. Plaintiffs assert that their rights as protected by the U.S Constitution have been violated.

4. Defendant Department of Children and Families (hereinafter "DCF") is the

state's first Cabinet-level agency devoted exclusively to serving and supporting at-risk children and families located at 50 East State St, 2d Floor, in Trenton, NJ 08625.

5.  Defendant Division of Child Protection and Permanency (hereinafter "DCPP") is a Division within the Defendant Department of Children and Families and maintains a local office at 240 Frisch Court, 2d Floor, Paramus, NJ 07652.

6.  Defendant Christine Beyer is the Commissioner of the Department of Children and Families and maintains her offices at 50 East State St, 2d Floor, in Trenton, NJ 08625.

7.  Defendant Joanna Holota is an investigator for Defendant DCPP and maintains her office at 240 Frisch Court, 2d Floor, Paramus, NJ 07652.

8.  At all times relevant herein, the Bergen County Prosecutor's Office was and continues to be the chief law enforcement entity in the county of Bergen organized under the laws of the state of New Jersey and is in charge of law enforcement and public safety for the County of Bergen.  The Defendant Bergen County Prosecutor's Office is located at Two Bergen County Plaza, Hackensack, NJ 07601 and is established under N.J. Const. Art. VII, § II, para. 1, and was and is acting as an agent of the State of New Jersey when it engaged in the law enforcement actions described herein.

9.  Defendant Sgt Matthew Zablocki is an investigator for the Bergen County Prosecutors Office charged with investigating the events herein and maintains an

office at the Defendant Bergen County Prosecutor's Office located at Two Bergen County Plaza, Hackensack, NJ 07601.

9.10.  The Defendant State of New Jersey is a public entity and is sued for wrongs committed by and through the Division of Criminal Justice which pursuant to New Jersey law is housed within the Department of Law and Public Safety under the supervision of the Office of the Attorney General of New Jersey with office at Station Plaza Building  #4, 2d Floor, 22 So. Clinton Ave, Trenton, NJ 08625.

11.  Defendants State of New Jersey, Bergen County Prosecutors Office, DCF, DCPP, Holota, Zablocki and Beyer are hereinafter referred to as State Defendants.

10.12. The individual State Defendants were persons as defined within 42 USCA sect 1983 and were, at all times mentioned herein, acting under color of law.

11.13. Defendant Scott Tamagny (hereinafter "Father") is the Father of Plaintiff and his occupation was and is Chief of Police in the township of Leonia.  He is presently estranged from the Plaintiff's Mother, Jeanne Tamagny.  Both Plaintiff Jeanne Tamagny and Defendant Scott Tamagny, Plaintiff Courtney Tamagny's Father are involved in marital litigation pending in Superior Court entitled, *John Scott Tamagny v Jeanne Tamagny* Docket Number FM-02-220-22.  Defendant Father resides at 94 Berthoud St, Unit 309, Park Ridge, New Jersey 07645.

12.14. Defendant Keith Slevin (hereinafter "Slevin") in an individual who resides at 603 Lamanna Drive, River Vale, New Jersey 07675.

13.15. Defendant John Does, Jane Does, and XYZ Corps 1-10 are individuals or business entities whose identities are not yet known who participated in the acts described herein.

14.16. Plaintiff Courtney Tamagny was sexually abused and assaulted by Defendant Father and Defendant Slevin. The abuse occurred while she was a minor. Plaintiff Courtney Tamagny was a minor child between the ages of 4 and 15. The facts upon which this Complaint is based, as verified by the accompanying affidavit and/or documents, are as follows:

   a. Plaintiff Courtney Tamagny's earliest memory of sexual abuse occurred when she was 4 or 5 years of age on a day when her Plaintiff Mother Jeanne Tamagny was not home. Plaintiff Courtney Tamagny shared the "left" bedroom in their home in Tenafly with her older sister Sarah. Plaintiff Courtney Tamagny recalls Defendant Father getting into bed with Plaintiff Courtney Tamagny without any clothes and touching her vaginal area, rubbing it gently.

   b. Plaintiff Courtney Tamagny has specific recall on other occasions of the Defendant Father entering the shower with the Plaintiff Courtney Tamagny while she was showering and showing her his penis. M.T. and Plaintiff Courtney Tamagny showered together, and Defendant Father entered the shower with both of them and touched their vagina with his fingers. He would make them both touch his penis. When alone with Plaintiff

Courtney Tamagny he would also sometimes penetrate Plaintiff Courtney Tamagny vaginally in the shower and sometimes it was rubbing with his fingers and not penetration.  Defendant Father threatened to beat Plaintiff Courtney Tamagny and MT if they told anyone.  Plaintiff Courtney Tamagny has specific recall of M.T. crying a lot.  M.T. told Plaintiff Courtney Tamagny what he would do with her in the shower, and Plaintiff Courtney Tamagny believes her because he did the same thing to Plaintiff Courtney Tamagny.

c.  Plaintiff Courtney Tamagny has recollection of Defendant Father forcing her and her sisters to take pills which would cause her to get dizzy and then lose consciousness.  Plaintiff Courtney Tamagny recalls Defendant Father giving her and M.T. orange juice before bedtime and giving them pills or sometimes putting pills into the juice.

d.  Plaintiff Courtney Tamagny recalls a neighboring friend of the Defendant Father, Defendant Keith Slevin, sexually assaulting her with the Defendant Father watching.  She recalls screaming for Defendant Slevin to stop because of the pain but to no avail.  She recalls other times the Defendant Father and his friend would "tag team" and sexually assault Plaintiff Courtney Tamagny by vaginal and anal penetration.  Defendant Slevin particularly engaged in anal penetration, and Plaintiff Courtney Tamagny has specific memory of pain while he

did so. MT told Plaintiff Courtney Tamagny that they did this to her as well, and Plaintiff Courtney Tamagny believes her because they did the same thing to Plaintiff Courtney Tamagny.

e. Defendant Father also threatened to kill their Mother Plaintiff Jeanne Tamagny if Plaintiff Courtney Tamagny told anyone of these events.

f. Plaintiff Courtney Tamagny has specific recall of being in the basement of their home with Defendant Father and both siblings, including M.T. Plaintiff Courtney Tamagny recalls that it was when she was in the fourth grade. Plaintiff Courtney Tamagny was unable to move and faced the staircase as she was lying on the couch in the basement. She watched as M.T. was being sexually assaulted by the Defendant Father who was pinning her to the ground and touching her and penetrating her vaginally. Defendant Father insisted that she watch what he was doing to her. Plaintiff Courtney Tamagny was unable to move to try and help. Defendant Father threatened to beat them if they said anything.

g. Defendant Father took pictures of both M.T. and Plaintiff Courtney Tamagny while they slept and showed it to them to show his control over them.

h. On another particular occasion, Plaintiff Courtney Tamagny has specific recall of being in the 7th grade, Plaintiff and M.T. were home with the

Defendant Father alone. Defendant Father was angry about the dog being dirty and yelled at them and hit them, took them to the family room. Defendant Father grabbed M.T.'s shoulders and hit her and touched her in her vaginal area under her pants with his fingers. Plaintiff Courtney Tamagny tried to intervene but was unable to help and felt hopeless.

i.  Plaintiff Courtney Tamagny has specific recall that Defendant Slevin, was obsessed with Plaintiff Courtney Tamagny and had alcohol on his breath. He physically struck Plaintiff Courtney Tamagny and had intercourse with her. Defendant Slevin and Defendant Father would take the Plaintiff Courtney Tamagny and her sisters, M.T. and Sarah, into the woods in Rockland County New York, and there was what appeared to be other middle-aged men present with masks on their faces. She recalls there being fire and animals being burned, and they would chant as if ritualistic. She did not understand what was being chanted and closed her eyes in avoidance. She was sexually assaulted in those woods by Defendant Slevin, Defendant Father, and some of the other men present. She recalls M.T. being struck and seeing M.T. not being able to run away from the men and being hit multiple times. She saw M.T. being vaginally penetrated with fingers or a penis and anally as well.

j.  Plaintiff Courtney Tamagny has specific memory of Defendant Father

using his night stick to strike Plaintiff and M.T.

k.  Plaintiff Courtney Tamagny wishes she could suppress the memories and tries to do so to avoid the reality of being abused.  When she could, Plaintiff Courtney Tamagny would close her eyes while the abuse was happening as an avoidance mechanism as if the trauma would go away if she didn't see it.

l.  Plaintiff Courtney Tamagny recalls that when Defendant Father left the marital home, she and her sisters started having a lot of flashbacks causing them to have suicidal ideations.    Plaintiff Jeanne Tamagny, Plaintiff Courtney Tamagny's Mother, has been a stabilizing support and would stay with her and her sisters to comfort them.

m. The recall of abuse was released when Plaintiff Courtney Tamagny was suffering vaginal pain and examined by a doctor who made inquiry about sexual abuse.  Plaintiff Courtney Tamagny realized she had been blocking the memory of the abuse and recall of the abuse started coming back to her. She realized she had been suppressing the recall of the abuse for years. Plaintiff Courtney Tamagny recalls that her Mother did not want to believe the abuse and was in denial.

n.  Plaintiff Courtney Tamagny recalls her younger sister MT as having the worst flashbacks of the three siblings; she would be shaking, crying, and hiding in their closet.

o.  Plaintiff Courtney Tamagny recalls the abuse stopping in the year 2020 when she was 15 years of age.

p.  Plaintiff Courtney Tamagny recalls the acts of sexual abuse of her and her sister M.T. by the Defendant Father to include vaginal penetration, anal penetration, and stimulations of the clitoris. As for abusive acts by Defendant Slevin, she recalled vaginal penetration and anal penetration and physical striking.

q.  Plaintiff Courtney Tamagny recalls speaking to Defendant Father as a law enforcement officer because his occupation was and is Chief of Police in the Township of Leonia.  She asked him to take action against Defendant Slevin.  He did not but stated he will keep Defendant Slevin away from her.

r.  On February 7, 2022, a referral was made by Plaintiff Courtney Tamagny's therapist to the Defendant DCPP about sexual abuse by the Defendant Father to Plaintiff Courtney Tamagny.  Plaintiff Courtney Tamagny, then age 17, shared her recalls with her therapist and a report was made.

s.  Defendant Holota was the lead investigator on behalf of Defendant DCPP. Defendant Bergen Prosecutor's Office also investigated together with Defendant DCPP.  Despite interviewing Plaintiffs, Plaintiff Courtney Tamagny's siblings, the State Defendants ~~Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey~~ took no action to protect Plaintiff Courtney Tamagny or her siblings.

t.  The investigations conducted by Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendant Holota, including the interviews of the children, were conducted in such a manner as to deprive the Plaintiff Courtney Tamagny and her siblings and Plaintiff Jeanne Tamagny of Due Process and their rights to be free from harassment and should have been conducted, but were not, by specialized trained professional with experience in forensic interviews of minor children on the subject matter of sexual abuse.

15.17. The sexual assault and battery and sexual abuse by Defendants Father and Slevin as described above caused the Plaintiff Courtney Tamagny to develop severe psychological mechanisms including, but not limited to, denial, repression, accommodation, and dissociation which prevented the Plaintiff Courtney Tamagny from perceiving, knowing, or understanding the existence and nature of the injuries alleged in this complaint and of their causal connection to the Defendants' earlier acts of sexual assault, battery, and abuse. Not until the gynecological exam of May of 2021, when Plaintiff Courtney Tamagny was asked by the doctor about sexual abuse. Plaintiff Courtney Tamagny began to receive intensive psychotherapy and treatment for severe emotional problems was she able to connect the sexual assault, battery, and abuse to her injuries.

16.18. Dr. Steven N Gold was asked to assess Plaintiff Courtney Tamagny and her older sister Sarah. (See Copy of Report of Dr. Steven N Gold attached as Exhibit

A.)

~~17.~~19. He states in his report that:

    a. It has been alleged by both CT and ST that they and their sister MT, the youngest daughter of Mr. and Ms. Tamagny and a minor child, were repeatedly sexually molested throughout their childhood and adolescence by their father and other men in the community. Attorney Stratis requested that I evaluate CT and ST to assess their respective reports of childhood sexual abuse, which could challenge the advisability of reunification between Mr. Tamagny and his minor daughter, MT. Attorney Stratis advised me that there has been no contact between father and youngest daughter in two years.

~~18.~~20. As to CT's allegation of abuse, Dr. Gold stated:

    a. When I asked CT to name the sexual acts that comprised that abuse by her father, she identified them as vaginal rape, anal rape, and stimulations of the clitoris. When I questioned her about the abusive acts by Mr. Slebin, she indicated they were vaginal rape from behind and anal rape.

~~19.~~21. As to Sarah's allegation of abuse, Dr. Gold states:

    a. "He raped me." I asked if that was primarily what would happen, and she replied affirmatively, "uh-huh." I then asked what she would do to him, and she replied "oral sex." She answered affirmatively when asked if she remembered CT being there being when the abuse was happening and if she remembered CT being abused. By this time she was lying on her side on the couch in my office in a near-fetal position.

~~20.~~22. Regarding MT, Sarah told Dr. Gold:

    a. When I asked her whether she knows for a fact that MT was molested, she replied affirmatively, and when asked how she knows this, she stated "with remembering my abuse, when I first remembered it, it was like in a movie, I just like felt it like in my bones. I just knew it to be true. And I can't remember, I might have written about it, I don't remember if I had specific flashbacks involving MT. I just like knew in my bones…. I was always protective of both my sisters but CT was

always the feisty one. I always felt protective of MT and petrified that something was going to happen to her, that she was going to die horribly."

21.23. Dr. Gold concludes:

    a. In conclusion, it is my professional opinion to a reasonable degree of psychological certainty that the abuse described by CT and ST occurred. Their accounts are highly consistent with both the psychological research literature on childhood sexual abuse and my own clinical experience assessing and treating hundreds of adult survivors of childhood abuse over the last four decades. In addition, it is my professional opinion that to place MT in her father's custody would put her at serious risk for abuse, and that to force MT to participate reunification at this point in time, even under supervision, would in all likelihood backfire, fostering antipathy and diminishing the likelihood of MT establishing an amicable relationship with her father once she reaches adulthood.

22.24. The country's leading child abuse pediatrician, Dr. Randell C. Alexander, M.D., Ph.D., conducted an evaluation.  He is a University of Florida professor of pediatrics and a board-certified specialist in child abuse pediatrics. He serves as chief of the UF Division of Child Protection and Forensic Pediatrics in Jacksonville, as well as program director of the Child Abuse Pediatrics Fellowship training program.  He is the former Chief, Division of Child Protection and Forensic Pediatrician at the University of Florida and until recently Dr. Alexander was the statewide Medical Director of the Florida Child Protection Teams.

23.25. Dr. Alexander opined as to probable sexual abuse, "I agree with Dr. Gold in

his analysis."  (See report of Dr. Randell Alexander dated June 25, 2024 attached as Exhibit B.)

24.26. Defendant has repeatedly sexually and physically abused Plaintiff Courtney Tamagny  in violation of N.J.S.A. 9:6-1(e) and 9:6-8.21(c)(3), and 2C:14-2 and 2C:14-3 of the New Jersey Criminal Code.

25.27. Defendant Father violated 18 U.S. Code section 2423 which explicitly states that it is illegal to travel for the purpose of engaging in illicit sexual conduct. Specifically, 18 U.S. Code section 2423(a) prohibits a person from knowingly taking a minor child out of the state or country, with the intent that the child engage in illegal sexual activity.

26.28. At all times relevant herein, Defendants Beyer, Zablocki, and Holota knew or should have known about the customs and practices of Defendants Bergen County Prosecutor's Office,  DCPP, DCF and State of New Jersey to:

    a.  Suppress and ignore child welfare reports of physical and sexual abuse;

    b.  retaliate against the protective parent, the parent who did not commit the abuse;

    c.  Ignore and disregard evidence of physical abuse and sexual abuse

    d.  conspire with and engage with others to disregard and ignore evidence of abuse;

    e.  conspire with and engage with the offending parent to suppress, disregard, and hide evidence of abuse;

    f.  maintaining a custom of inadequate training of personnel and incomplete investigation into matters which inevitably results in failed investigations into reports of harm to child and then resulted in continued exposure to further harm to child;

    g.  deliberately ignoring harm to the child and relabeling as custody dispute and there are differences in parenting instead of investigating the harm to the child and protecting the child from further harm which also resulted in moving the burden of protection to the mother who is then exposed to and attacked for trying to protect your children from harm;

    h.  Causing the constitutional violations of the Plaintiffs as complained of herein;

27.29.   The numerous wrongful acts described herein above and elsewhere in this complaint are for illustration and not limitation and form the predicate basis for claims here and against all Defendants as establishing that Defendants Bergen County Prosecutor's Office, –DCPP, DCF and State of New Jersey as well as Defendant Holota, Zablocki, and Beyer knew or should have known that the children were in danger in Defendants Father's care and Defendant Father committed acts of sexual and physical abuse.

28.30.   At all times relevant herein, Plaintiffs were entitled to certain rights and protections which were denied to her by the customs and practices of Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New

Jersey and acts of the individual Defendants described herein.

29.31.    In all respects set forth in this Complaint, each State Defendant acted under color of law of the law of the State of New Jersey.

30.32.    By their acts and omissions, Defendants proximately caused the injuries as alleged herein.

31.33.    Defendants' acts and omissions were a material element and/or substantial factor in bringing the harm about to the Plaintiffs. The harms sustained by Plaintiffs were a reasonably foreseeable result of Defendants' improper acts and omissions.

32.34.    Defendants, each of them, acted in a willful, wanton, reckless or grossly negligent manner and their conduct shocks the conscience.

33.35.    By the foregoing, these Defendants are liable for Plaintiffs injuries, pursuant to N.J.S.A. 59:1-1 et seq. These Defendants are jointly and severally liable for the injuries sustained by Plaintiffs.

34.36.

**COUNT 1:   VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USCA SECT 1981 AND 1983 AND THE FOURTEENTH AMENDMENT RIGHT TO PARENT AND TO FAMILIAL ASSOCIATION DEFENDANTS BERGEN COUNTY PROSECUTOR'S OFFICE,  DCPP, DCF AND STATE OF NEW JERSEY AND DEFENDANTS HOLOTA AND BEYER**

1. Plaintiffs repeats the statements set forth in the preceding paragraphs as if set forth herein at length.

2. Plaintiffs are informed and believe and thereon allege that the right to familial association guaranteed under the 14th amendment is clearly established and such a reasonable investigator in Defendant Holota and Zablocki's position and that of Defendant Bergen County Prosecutor, would know it is unlawful to conduct sham investigations as to child abuse to collude with others and to misrepresent the nature of their limited inquiry as having satisfied Title 9 or other standard investigations and other established report procedures and to fail in their statutory duties to provide for the protection of an abused child and or to fail to aid the Plaintiffs.

3. In addition, there is a clearly established Due Process right not to have to carry the burden of protection of an abused child as is the State Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey's statutory duty pursuant to Title 9 of the New Jersey Statutes, specifically NJSA 9:6-8.8(1)(a) which mandates that the safety of New Jersey's children must be the "paramount concern" of the courts.  N.J.S. 9:6-8.8(1)(a) states:

The purpose of this act is to provide for the protection of children under 18 years of age who have had serious injury inflicted upon them by other than accidental means. **The safety of the children served shall be of paramount concern. It is the intent of this legislation to assure that the lives of innocent children are immediately safeguarded from further injury and possible death and that the legal rights of such children are fully protected**. (emphasis added).

4. Plaintiffs have the right to investigations by qualified individuals based on

qualified inquiries and not on the basis of false information and misrepresentations that was without foundation, negligently prepared, and that was deliberately fabricated by the ~~Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey~~State Defendants.

5. At all times relevant herein and continuing until the present time, the State Defendants ~~Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendant Holota and Beyer~~ were acting under color of state law when they acted, agreed and our conspired to unlawfully examine, investigate, and make false reports resulting in the failure to protect Plaintiffs. The State Defendants ~~Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey~~ did so without proper justification or authority and without probable cause. Further, their actions were taken with deliberate indifference to Plaintiff's rights and without regard to the truth of falsity of the evidence and materials presented of sexual abuse.

6. Defendants Holota, Zablocki, and Beyer conspired to violate the civil rights of Plaintiffs including violation of Plaintiffs' rights found in the 14th amendment of the United States Constitution, by way of example, but not limited to, manufacturing, misrepresenting, and or concealing evidence and testimony, thus violating the Due Process rights of the Plaintiffs.

7. By these actions, Defendants, and each of them, interfered and or attempted to interfere with Plaintiffs' constitutional rights to familial association under the

14th amendment as well as those rights under applicable New Jersey law rising to the level of constitutionally protected rights.

8. As a direct and proximate result of the Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey actions and those of Defendant Holota, Zablocki, and Beyer, Plaintiffs have suffered and will continue to suffer physical, mental, and emotional injury all to the extent and in the amount subject to proof at trial.  Plaintiffs have incurred and will continue to incur special damages medical bills and expenses incidental thereto and has incurred and will continue to incur attorneys fees costs and expenses including those authorized by 42 USC section 1988 to the extent and an amount subject to proof the trial.

**COUNT 2:  VIOLATION OF 42 USCA SECT 1985 AND 42 USCA SECT 1986 AGAINST ALL DEFENDANTS FOR CONSPIRACY TO VIOLATE PLAINTIFFS CIVIL RIGHTS UNDER 42 USCA SECT 1981 AND 1983 AND THE FOURTEENTH AMENDMENT RIGHT TO PARENT AND TO FAMILIAL ASSOCIATION**

1. Plaintiffs repeats the statements set forth in the preceding paragraphs as if set forth herein at length.

2. Defendants Bergen County Prosecutor's Office,  DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer, acting under color of state law, conspired with Defendant Father and Slevin, and did deprive Plaintiffs of their rights under the laws of the United States.

3. Specifically, Defendants Bergen County Prosecutor's Office,  DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer conspired to, and did act, agree and/or conspire to unlawfully misrepresent, make false statements and reports, and purposely failed to conduct a thorough investigation of sexual and physical abuse of minors, specifically, Plaintiff Courtney Tamagny and her siblings. These Defendants conspired to used trickery, fabrication and or false testimony or evidence and failed to conduct a thorough investigation and failed to recognize compelling evidence in preparing and presenting reports. The conduct of the Defendants and each of them, interfered with Plaintiffs' rights including the right to familial association free from government interference as guaranteed by the 14th amendment of the Constitution of the United States.

4. Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer engaged in said conspiracies for the purpose of depriving Plaintiffs of equal protection of the laws of the State of New Jersey and of the United States and depriving them of their  Due Process rights under the Constitution of the United States and the State of New Jersey.

5. Defendants Bergen County Prosecutor's Office,  DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer, and each of them, took several acts in furtherance of the conspiracy including but not limited to

acting, agreeing, and are conspiring to unlawful misrepresent make false statements and reports and purposely failed to conduct a thorough investigation of sexual and physical abuse depriving the Plaintiffs of their rights here and described herein.

6. Plaintiffs did in fact suffer the deprivation of numerous rights granted to citizens of the United States including those under the due process clause of the 14th amendment which has been interpreted to protect fundamental liberty.

7. As a direct and proximate result of Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer actions, Plaintiffs have suffered and will continue to suffer physical, mental, and emotional injury all to the extent and in amount subject to proof the trial.  Plaintiffs have also incurred and will continue to incur attorneys fees costs and expenses including those authorized by 42 USC a section 1988 to an extent and an amount subject to proof at trial.


**COUNT 3:  VIOLATION OF CIVIL RIGHTS UNDER 42 USCA SECT 1981 AND 1983 UNDER DUE PROCESS AND EQUAL PROTECTION AGAINST DEFENDANTS DCPP AND DCF AND DEFENDANT HOLOTA AND BEYER AND STATE OF NEW JERSEY**

1. Plaintiffs repeats the statements set forth in the preceding paragraphs as if set forth herein at length.

2. In engaging in the conduct specified above, the Defendants Bergen County

Prosecutor's Office,  DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer acting under color of state law, deprived Plaintiffs of rights and liberties secured to them by the Constitution and laws of the United States and of the State of New Jersey including but not limited to rights secured by Plaintiffs by the Fourth, Eight, and Fourteenth Amendment of the United States Constitution and 42 USCA section 1983 and including the right to liberty, familial association and the right to due process of law.

3. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered damages including, but not limited to, damage and impairment to their person, personal anxiety, mental anguish and suffering, emotional distress, physical suffering, loss of enjoyment of life, loss of income, and costs to Plaintiffs against these accusations and the amount yet to be determined, but in excess of the jurisdictional minimums of this court.

**COUNT 4:  VIOLATION OF 42 USCA SECT 1985 AND 42 USCA SECT 1986 AGAINST ALL STATE DEFENDANTS FOR CONSPIRTACY TO VIOLATE PLAINTIFFS CIVL RIGHTS UNDER 42 USCA SECT 1981 AND 1983 UNDER DUE PROCESS AND EQUAL PROTECTION.**

1. Plaintiffs repeats the statements set forth in the preceding paragraphs as if set forth herein at length.

2. Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer, acting under color of state

law, conspired with Defendant Father and Slevin, and did deprive Plaintiffs of their rights under the laws of the United States.

3. Specifically, Defendants conspired to, and did act, agree and/or conspire to unlawfully misrepresent, make false statements and reports, and purposely failed to conduct a thorough investigation of sexual and physical abuse of minors, specifically, Plaintiff Courtney Tamagny and her siblings. These Defendants conspired to used trickery, fabrication and or false testimony or evidence and failed to conduct a thorough investigation and failed to recognize compelling evidence in preparing and presenting reports. The conduct of the Defendants and each of them, interfered with Plaintiffs' rights as defined above.

4. Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer engaged in said conspiracies for the purpose of depriving Plaintiffs of equal protection of the laws of the State of New Jersey and of the United States and depriving her of her Due Process rights under the Constitution of the United States and the State of New Jersey.

5. Defendants, and each of them, took several acts in furtherance of the conspiracy including but not limited to acting, agreeing, and are conspiring to unlawful misrepresent make false statements and reports and purposely failed to conduct a thorough investigation of sexual and physical abuse depriving the

Plaintiffs of the rights here and described herein.

6.  Plaintiffs did in fact suffer the deprivation of numerous rights granted to citizens of the United States including those under the Due Process Clause of the 14th amendment which has been interpreted to protect fundamental liberty.

7.  As a direct and proximate result of Defendants Bergen County Prosecutor's Office, DCPP, DCF and State of New Jersey and Defendants Holota, Zablocki, and Beyer actions, Plaintiffs haver suffered and will continue to suffer physical, mental, and emotional injury all to the extent and in amount subject to proof the trial.  Plaintiffs have also incurred and will continue to incur attorneys fees costs and expenses including those authorized by 42 USC a section 1988 to an extent and an amount subject to proof at trial.


**COUNT 5:  ASSAULT AND BATTERY**

1.  Plaintiff Courtney Tamagny repeats the statements set forth in the preceding paragraphs as if set forth herein at length.

2.  Plaintiff Courtney Tamagny brings this action against the Defendant Father and Defendant Slevin   for damages sustained as a result of Defendants' violently physical and sexual abuse and assault and battery of Plaintiff Courtney Tamagny over a period of many years while Plaintiff Courtney Tamagny was a minor child between the ages of 4 and 15.  Defendants Father and Slevin subjected Plaintiff Courtney Tamagny to such assault and battery

and abuse continuously from 2009 through 2020 as set forth above.

3. At all times mentioned in this complaint, Plaintiff Courtney Tamagny was in the care, custody, and control of Defendant Father. Due to her youth and the parent-child relationship between Plaintiff Courtney Tamagny and Defendant Father, Plaintiff Courtney Tamagny was in complete and continued emotional and financial dependence on Defendant Father and reasonably relied on Defendant Father to take care of her, love her, and act in her best interests.

4. At all times mentioned in this complaint, and as a result of the parent-child relationship between Plaintiff Courtney Tamagny and Defendant Father, Defendant Father occupied a position of a fiduciary to the Plaintiff Courtney Tamagny, owing to Plaintiff Courtney Tamagny a relationship of confidence and trust.

5. As set forth above, when Plaintiff Courtney Tamagny was a minor child, Defendant Father began a pattern and practice of forced sexual relations with Plaintiff Courtney Tamagny consisting of vaginal penetration, anal penetration, and stimulations of the clitoris. As for abusive acts by Defendant Slevin, she recalled vaginal penetration and anal penetration.

6. Defendants Father and Slevin subjected Plaintiff Courtney Tamagny to such assault and battery and abuse continuously from that date through and until 2020.

7. On numerous occasions, Defendants Father and Slevin kept Plaintiff Courtney

Tamagny against her will in the basement, in the shower, in the woods in Rockland County, New York and other locations and forced her to engage in the sexual acts described above.

8. During the course of the sexual assault and battery and abuse described above, Defendants Father and Slevin intentionally and maliciously threatened the Plaintiff Courtney Tamagny with great bodily harm, causing her to be in fear for her life, and, further, inflicted injury on the Plaintiff Courtney Tamagny through intentional, malicious, unjustified, harmful, and offensive sexual contact without Plaintiff Courtney Tamagny 's consent.

9. At all times mentioned in this complaint, Defendant Father and Slevin was in a position of complete authority over Plaintiff Courtney Tamagny.  From this position of authority, Defendants Father and Slevin exerted their dominance through mental and physical coercion and duress on the Plaintiff Courtney Tamagny in order to force her to engage in the sexual acts described above. At no time did Plaintiff Courtney Tamagny consent to the acts of Defendants Father and Slevin.

10. Defendant's acts of sexual assault and battery and abuse as described above were carried out in secret, away from the sight and knowledge of other adults, which conduct caused the Plaintiff Courtney Tamagny to feel trapped, isolated, alone, and cut off from others and rendered her incompetent and incapable of bringing suit at the time the sexual abuse occurred.

11. At all times mentioned herein, Defendants Father and Slevin directly or indirectly subjected Plaintiff Courtney Tamagny to physical force, intimidation, threats, and duress to ensure the secrecy of the ongoing sexual assaults and abuse described above.

12. At all times mentioned in this complaint, Defendants Father and Slevin misrepresented and concealed from Plaintiff Courtney Tamagny the wrongful nature of their sexual assaults and abuse.

13. The wrongful actions and sexual assaults and battery and abuse by Defendants as described above caused the Plaintiff Courtney Tamagny to develop severe psychological mechanisms including, but not limited to, denial, repression, accommodation, and dissociation by which she separated herself from the acts being done to her body. As a result, Plaintiff Courtney Tamagny subconsciously repressed and denied the existence and, most significantly, the impact of the sexual assaults from at or about the time of each event until a gynecological exam and when psychological therapy enabled her to remember the incidents.

14. Until Plaintiff Courtney Tamagny received psychological therapy, she had no knowledge that she had been injured and that her injuries were caused by the wrongful actions and sexual assaults and battery and abuse inflicted on her by Defendants, as described above.

15. At all times mentioned in this complaint, and until Plaintiff Courtney Tamagny

discovered through psychotherapy the causal connection between the Defendants' acts and Plaintiff Courtney Tamagny's injuries, Plaintiff Courtney Tamagny was disabled and under such a condition of mental derangement as to actually bar her from comprehending the rights which she was otherwise bound to know. As a result of such disability, Plaintiff Courtney Tamagny was rendered incompetent and incapable of bringing suit at the time the acts of sexual assault and battery and abuse described above occurred.

16. Plaintiff Courtney Tamagny used all due diligence, given the nature, extent, and severity of her psychological injuries and the circumstances of their infliction, to discover the fact that she had been sexually assaulted, battered, and abused and injured by such wrongful actions.

17. As a direct and proximate result of Defendants Father and Slevin's wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff Courtney Tamagny has suffered permanent, severe, and continuing injuries, including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, suicidal tendencies, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, loss of earnings and earning capacity, emotional distress, marital difficulties, inability to function normally in social situations, especially in relationships with men, fear of physical contact, inability to trust others, difficulty forming meaningful relationships, fears of intimacy and

sexual contact, eating disorders, nightmares, debilitating terror, repression of memories and emotions, post-traumatic stress disorder, humiliation, anxiety, embarrassment, and psychological denial, repression, accommodation, and disassociation, all to Plaintiff Courtney Tamagny's damage.

18. As a further direct and proximate result of Defendants' Father and Slevin's wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff Courtney Tamagny has incurred, and will continue to incur, expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication, all to Plaintiff Courtney Tamagny 's further damage.

19. The conduct of Defendants as described above was intentional, reckless, grossly negligent, willful, wanton, oppressive, and done with actual malice and disregard for Plaintiff Courtney Tamagny's rights and safety. As a result, Plaintiff Courtney Tamagny is entitled to an award of punitive damages.

20. Unless Defendant is restrained and enjoined from contacting Plaintiff Courtney Tamagny, Plaintiff Courtney Tamagny will suffer irreparable injury, for which she has no adequate remedy at law.

WHEREFORE, plaintiff Courtney Tamagny requests judgment against defendant as set forth below.


**COUNT 6:  INCESTUOUS ABUSE**

1.  Plaintiff Courtney Tamagny realleges the preceding paragraphs of this complaint as if set forth in full here.

2.  Due to the familial relationship between Plaintiff Courtney Tamagny and Defendant Tamagny and the age of Plaintiff Courtney Tamagny when the acts of sexual abuse described above occurred, Defendant Tamagny's sexual abuse constituted incestuous abuse of a minor child as defined in NJSA 2C:14-2(A).

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendants Father and Slevin as set forth below.


**<u>COUNT 7:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

1.  Plaintiff Courtney Tamagny realleges the preceding paragraphs of this complaint as if set forth in full here.

2.  Defendants Father and Slevin knew, or in the exercise of reasonable care should have known, that his sexual assaults and battery and abuse of Plaintiff Courtney Tamagny would result in serious emotional distress to the Plaintiff Courtney Tamagny.

3.  In doing the acts alleged above, Defendants Father and Slevin acted with willful, wanton, reckless, intentional, and deliberate disregard for the likelihood that Plaintiff Courtney Tamagny would suffer severe emotional

distress as a direct and proximate result of the sexual abuse of Plaintiff Courtney Tamagny.

4. Defendants' Father and Slevin's conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

5. As a direct and proximate result of Defendants' wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff Courtney Tamagny suffered severe emotional distress.

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendants Father and Slevin as set forth below.


## **COUNT 8: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1. Plaintiff Courtney Tamagny realleges the preceding paragraphs of this complaint as if set forth in full here.

2. Defendants Father and Slevin knew, or in the exercise of reasonable care should have known, that his sexual assaults and battery and abuse of Plaintiff Courtney Tamagny would result in serious emotional distress to the Plaintiff Courtney Tamagny.

3. Defendant Father, as Plaintiff Courtney Tamagny 's Father and Defendant Slevin as a trusted neighbor, in whom was placed Plaintiff Courtney Tamagny's confidence and trust, owed a duty to Plaintiff Courtney Tamagny to refrain from sexually assaulting and abusing Plaintiff Courtney Tamagny.

4. Defendants Father and Slevin negligently and carelessly breached that duty by negligently and carelessly engaging in acts of sexual assault, battery, and abuse with Plaintiff Courtney Tamagny in disregard for the likelihood that Plaintiff Courtney Tamagny would suffer severe emotional distress as a direct and proximate result of the sexual abuse of Plaintiff Courtney Tamagny.

5. Defendant Father and Slevin's conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

6. As a direct and proximate result of Defendant Father and Slevin's negligence and carelessness as described above, Plaintiff Courtney Tamagny suffered severe emotional distress.

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendants Father and Slevin as set forth below.


## COUNT 9:  BREACH OF PARENTAL DUTY

1. Plaintiff Courtney Tamagny realleges the preceding paragraphs of this complaint as if set forth in full here.

2. Defendant Father, as Plaintiff Courtney Tamagny 's father and in whom was placed Plaintiff Courtney Tamagny's confidence and trust, owed a duty to Plaintiff Courtney Tamagny to take care of, love, and act in the best interests of Plaintiff Courtney Tamagny.

3. The Fourteenth Amendment states that no "state shall deprive any person of life, liberty, or property, without due process of law." <u>U.S. Const. -amend. XIV, § I</u>.  Included within the due process clause is the right to parent and the right to be parented.

4. Defendant Father breached the parental duty he owed to Plaintiff Courtney Tamagny by engaging in the wrongful acts and sexual assault, battery, and abuse of Plaintiff Courtney Tamagny as described above.

5. Defendant Father violated Plaintiff Courtney Tamagny's due process rights.

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendant Father as set forth below.

**COUNT 10:    FALSE IMPRISONMENT**

1. Plaintiff Courtney Tamagny realleges the preceding paragraphs of this complaint as if set forth in full here.

2. In doing the acts alleged above, Defendants Father and Slevin falsely and unlawfully imprisoned Plaintiff Courtney Tamagny against her will.

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendants Father and Slevin as set forth below.

**COUNT 11:    INVASION OF PRIVACY**

1. Plaintiff realleges the preceding paragraphs of this complaint as if set forth in full here.

2. Defendants Father and Slevin's wrongful actions and sexual assault and battery and abuse of the Plaintiff Courtney Tamagny as described above were an invasion of the Plaintiff Courtney Tamagny 's privacy and were done in malicious and wanton disregard of the Plaintiff Courtney Tamagny's feelings, character, and reputation.

3. As a direct and proximate result of Defendants Father and Slevin's invasion of Plaintiff Courtney Tamagny's privacy as described above, Plaintiff Courtney Tamagny suffered embarrassment, public ridicule, humiliation, and mental pain and anguish.

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendant as set forth below

**COUNT 12:       TRANSPORTATION OF MINORS**

1. Plaintiff Courtney Tamagny realleges the preceding paragraphs of this complaint as if set forth in full here.

2. Defendant Father and Slevins wrongful actions and sexual assault and battery and abuse of the Plaintiff Courtney Tamagny as described above violate 18 U.S. Code section 2423 which explicitly states that it is illegal to travel for the purpose of engaging in illicit sexual conduct. Specifically, 18

U.S. Code section 2423(a) prohibits a person from knowingly taking a minor child out of the state or country, with the intent that the child engage in illegal sexual activity.

3.  Defendants Father and Slevin wilfully transported Plaintiff Courtney Tamagny across stateliness out of New Jersey and into the State of New York, specifically Rockland County, for the purpose of engaging in illegal sexual activity and violated 18 USCA 2423 causing Plaintiff Courtney Tamagny to suffer embarrassment, public ridicule, humiliation, and mental pain and anguish.

WHEREFORE, Plaintiff Courtney Tamagny requests judgment against Defendants Father and Slevin as set forth below

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, as follows: Plaintiffs demand judgment against Defendants, for an award of damages including those that are compensatory and punitive, as well as pecuniary, and an award of all fees and costs (including counsel fees, interest, and legal fees) pursuant to the Federal and State law on all counts where so permitted and for pre-judgment interest; and for such further and other relief the court deems just, equitable, and proper.

Dated: March 18, 2025          *Demetrios K. Stratis*
                               DEMETRIOS K. STRATIS, ESQ.


**LOCAL CIVIL RULE 11.2 CERTIFICATION**

The matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: ~~March 18, 2025~~June 25, 2025 *Demetrios K. Stratis*

DEMETRIOS K. STRATIS, ESQ.


### **DESIGNATION OF TRIAL COUNSEL**

The undersigned is hereby designated as trial counsel.


Dated: ~~March 18, 2025~~June 25, 2025 *Demetrios K. Stratis*

DEMETRIOS K. STRATIS, ESQ.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: ~~March 18, 2025~~June 25, 2025 *Demetrios K. Stratis*

DEMETRIOS K. STRATIS, ESQ.

1

## **VERIFICATION**

1. I, JEANNE TAMAGNY, am a Plaintiff herein and have read the foregoing Verified Complaint and do hereby certify the truth of the contents and statements contained therein.

2. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:                                    _____

                                                      JEANNE TAMAGNY

2

**VERIFICATION**

1. I, COURTNEY TAMAGNY, am a Plaintiff herein and have read the foregoing Verified Complaint and do hereby certify the truth of the contents and statements contained therein.

2. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: _____    _____

_____    COURTNEY TAMAGNY

3