**DEMETRIOS K. STRATIS, ESQ. (022391991)**
**Ruta, Soulios & Stratis, LLP**
10-04 River Road
Fair Lawn, New Jersey 07410
(201) 794-6200 / (201) 794-6300 Fax
Email: dstratis@stratislaw.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

COURTNEY TAMAGNY AND
JEANNE TAMAGNY

               Plaintiffs,

-vs-

DIVISION OF CHILD PROTECTION
ET AL.

               Defendants

CASE NO.: 2:25-cv-00732

BRIEF IN OPPOSITION TO DEFENDANT SLEVIN'S MOTION TO FILE AMENDED COUNTERCLAIM

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Preliminary Statement | 3 |
| Statement of Facts | 3 |
| Legal Argument | 5 |
| POINT I: DEFENDANT SLEVIN IS NOT ENTITLED TO FILE AN AMENDED COUNTERCLAIM | 5 |
| POINT 2. LEAVE SHOULD NOT BE GRANTED AS THE AMENDMENT WILL BE FUTILE | 8 |
| Conclusion | 9 |

# TABLE OF AUTHORITIES

| Case | Citation | Page(s) |
|---|---|---|
| Troxel v. Granville | 530 U.S. 57, 65 (2000) | 3 |
| Cornell & Co., v. OSHRC | 573 F.2d 820, 823 (3d Cir. 1978) | 5 |
| U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P. | 769 F.3d 837, 849 (3d Cir. 2014) | 5 |
| Bjorgung v. Whitetail Resort, LP | 550 F.3d 263, 266 (3d Cir. 2008) | 6 |
| Adams v. Gould, Inc. | 739 F.2d 858, 864 (3d Cir. 1984) | 6 |
| Abella v. Barringer Resources, Inc. | 260 N.J. Super. 92, 98 (Ch. Div. 1992) | 8 |
| Romaine v. Kallinger | 109 N.J. 282, 290 (1988) | 8 |
| Leers v. Green | 24 N.J. 239, 251 (1957) | 8 |

## PRELIMINARY STATEMENT

Defendant Slevin seeks leave to file an Amended Counterclaim to "assert additional allegations" arising from allegedly defamatory statements made by Plaintiff Courtney Tamagny. Defendant Slevin has failed to satisfy the criteria necessary for leave to be granted.

## STATEMENT OF FACTS

Plaintiff incorporates by reference the facts set forth in the pleadings in this matter, specifically the Verified Complaint (Document 1), Amended Verified Complaint (Document 23) and Second Amended Complaint (Document 47). By way of summary, Plaintiffs collectively sue the Defendants DCF, DCPP, Bergen County Prosecutors Office, and those individuals associated with these agencies and offices (collectively "State Defendants") for violation of civil rights pursuant to 42 USCA sect 1983 and as set forth in the Fourteenth Amendment which states that no "state shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § I. Included within the due process clause is the right to parent and the right to be parented. See Troxel v. Granville, 530 U.S. 57, 65 (2000). Plaintiffs assert that their rights as protected by the U.S Constitution have been violated.

Pertinent to this application, Plaintiff Courtney Tamagny, as daughter of Plaintiff Jeanne Tamagny and daughter of Defendant John Scott Tamagny (hereinafter "Father"), asserts and verifies that she was sexually abused and assaulted by Defendant Father and Defendant Keith Slevin. The abuse occurred while she was a minor and for years thereafter until she was 15 years of age. The facts upon which this Complaint is based, as verified by the affidavit attached to the Verified Complaint (Document 1), Amended Verified Complaint[1] (Document 23) and Second Amended Verified Complaint (Document 47), are set forth at length in the filed pleadings and include specific details of sexual abuse including vaginal and digital penetration and sexual touching by Defendant Father and Defendant Slevin. Plaintiffs allege that the State Defendants failed to investigate, failed to protect, and failed to exercise their duties and obligations and acted in a willful, wanton, reckless or grossly negligent manner and their conduct shocks the conscience.

Defendant Slevin alleges that as a result of a podcast of April 21, 2025, new causes of action arose necessitating the filing of an Amended Counterclaim. Plaintiff Courtney Tamagny opposes on the basis that nothing new is included in

---

[1] The Amended Complaint (Document 23) and Second Amended Complaint (Document 47) was filed to include a new Plaintiff and an additional State Defendant, not to assert any new or additional facts as to the claims of sexual abuse by Defendant Slevin. Those statements concerning the sexual abuse were untouched by the Amended Verified Complaint.

the podcast as all of the statements made during the podcast are the same as are set forth in the pleadings filed in this matter filed on January 28, 2025 and thereafter.

## LEGAL ARUGUMENT

### POINT I:  DEFENDANT IS NOT ENTITLED TO FILE A AMENDED COUNTERCLAIM

Federal Rule of Civil Procedure 15(a)(2) provides that a court freely should grant leave to amend a complaint when justice so requires. The Rule embodies a liberal approach to amendment and provides that, following an initial amendment by right prior to the filing of a responsive pleading, a party is entitled to amend the compliant, even over the objection of the opposing party, "by leave of court." The rule specifies that "leave shall be freely given when justice so requires." Cornell & Co., Inc. v. OSHRC, 573 F.2d 820, 823 (3d Cir.1978).

However, the Court may deny a motion for leave to amend when: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

A district court may exercise its discretion to deny leave to amend a complaint in situations in which the plaintiff has delayed seeking leave to amend if the delay "is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d Cir. 2008) (citing *Adams v. Gould,* 739 F.2d 858, 864 (3d Cir.1984)). Delay is "undue" when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. *Id.* Delay is also satisfied when the Movant knew of the facts at the time of the original filing and no new facts have arisen.

In *Adams v. Gould Inc.,* 739 F.2d at 864, the Court observed: "The district court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." Here, the Defendant Slevin cannot demonstrate that new information or facts were discovered. All of the facts and statements that he alleges support his claims of defamation are set forth in the original Complaint at paragraph 11, in the Amended Complaint at paragraph 14, and in the Second Amended Verified Complaint at paragraph 16. (Incidentally, as set forth above, the Amended Complaint was filed to include a new Plaintiff and Second Amended Complaint to include the identity of the lead investigator of the Defendant Bergen County Prosecutor's Office, not to assert any new or additional facts as to the claims of sexual abuse by Defendant Slevin. Those statements were untouched by the Amendments to the Complaint.)

Thus, there is nothing "new" about the podcast as the claims about Defendant Slevin sexually abusing her were already pled in her lawsuit and were the basis for requests that the State Defendants investigate the claims of abuse. years ago.  Defendant Slevin cannot ask to amend a pleading to assert claims that he knew or should have known existed at the time of his original pleading.  The basis of the defamation claims are statements by Plaintiff Courtney Tamagny that Defendant Slevin sexually abused her.  Those statements are the foundation of the initial Complaint and subsequent Amended Complaints never changing in form or substance.  They were known or should have been known at the time of the filing of this action and not later discovered.

## POINT 2. LEAVE SHOULD NOT BE GRANTED AS THE AMENDMENT WILL BE FUTILE

Defendant Slevin alleges that the statements made by Plaintiff Courtney Tamagny constitute defamation. However, truth is an absolute defense to any claims of defamation. To prevail on a defamation claim in New Jersey, Defendant Slevin must prove: (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) damages. See <u>Abella v. Barringer Resources, Inc.</u>, 260 N.J. Super. 92, 98, (Ch. Div.1992). "A defamatory statement is one that is false and 'injurious to the reputation of another' or exposes another person to 'hatred, contempt or ridicule' or subjects another person to 'a loss of good will and confidence' in which she or he is held by others." <u>Romaine v. Kallinger</u>, 109 N.J. 282, 290 (1988) (quoting <u>Leers v. Green,</u> 24 N.J. 239, 251 (1957)).

Here, Defendant Slevin's proposed Amendment will be futile as Plaintiff Courtney Tamagny verifies under oath by her Verified Complaint (Document 1) at paragraph 11, Amended Verified Complaint (Document 23) at paragraph 14, and Second Amended Verified Complaint (Document 47) at paragraph 16 that Defendant Slevin sexually abused her. The verified facts regarding sexual abuse have not wavered or changed. Plaintiff Courtney Tamagny verifies that the facts as set forth did in fact occur, and Defendant Slevin's claims of defamation must

fail and are futile because the statements are verified as true. The first element of defamation – falsehood – does not exist.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court deny Defendant Slevins' Motion for Leave to file an Amended Counterclaim.

Dated: November 3, 2025                             *Demetrios K. Stratis*
                                                                              DEMETRIOS K. STRATIS, ESQ.