<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COURTNEY TAMAGNY, JEANNE TAMAGNY, <br><br> Plaintiffs, <br><br> v. <br><br> DIVISION OF CHILD PROTECTION AND PERMANENCY, *et al.*, <br><br> Defendants. | Civil Action No. 25-732 (SDW) (CF) <br><br> **WHEREAS OPINION** <br><br> November 24, 2025 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon Defendant John Scott Tamagny's Motion to Dismiss (D.E. 30 ("Motion")) Plaintiffs Courtney and Jeanne Tamagny's First Amended Complaint[1] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391; and

**WHEREAS** Plaintiff Courtney Tamagny ("Courtney") is one of three children to parents Plaintiff Jeanne Tamagny ("Plaintiff Jeanne") and Defendant John Scott Tamagny ("Defendant John").[2] (D.E. 54 ("SAC") at 3 ¶ 1.) Courtney alleges that from the time she was four to fifteen years old, her father sexually abused and assaulted her as well as her older and younger sisters,

---

[1] Since the filing of Defendant John Scott Tamagny's Motion, Plaintiffs amended their pleadings once again. (D.E. 47 (filing a Second Amended Complaint).) The differences between the First Amended Complaint and the Second Amended Complaint do not impact the arguments made in Defendant's Motion. Thus, this Court considers the Second Amended Complaint as operative pleading in this opinion.

[2] Given that several parties share a last name, this Court refers to these individuals by their first names to clearly distinguish them.

1

Sarah and M.T. (SAC at 6–7, 11.) Courtney also alleges she was sexually abused at the hands of the family's neighbor, Defendant Keith Slevin, with her father's approval and participation. (*Id.* at 7, 9); and

**WHEREAS** on January 28, 2025, Courtney initiated the instant lawsuit against Defendants the Division of Child Protection and Permanency ("DCPP"), the New Jersey Department of Child and Families ("NJDCF"), Christine Norbut Beyer, Joanna Holota, John Scott Tamagny, Keith Slevin, the Bergen County Prosecutor's Office ("BCPO"), and the State of New Jersey. (D.E. 1.) On March 19, 2025, Courtney filed a First Amended Complaint joining Jeanne as a plaintiff. (D.E. 23.) After obtaining leave from this Court, Plaintiffs amended the complaint once more, joining BCPO Investigator Matthew Zablocki as an additional State Defendant.[3] (D.E. 54.) The Second Amended Complaint, the operative pleading at this juncture, contains twelve causes of action. (*See generally* D.E. 54); and

**WHEREAS** both Courtney and Jeanne assert the following causes of action: violations of the Fourteenth Amendment right to parent and to familial association pursuant to 42 U.S.C. § 1981 and § 1983 against State Defendants (Count I); conspiracy to engage in the former in violation of 42 U.S.C. §§ 1985 and 1986 against all Defendants (Count II); due process and equal protection violations pursuant to § 1981 and § 1983 against State Defendants (Count III); and conspiracy to engage in Count III's violations contra § 1985 and § 1986 solely against the State Defendants (Count IV). (D.E. 54 at 18–26);

**WHEREAS** solely Courtney brings the remaining causes of action in the Second Amended Complaint against Defendants John and Keith Slevin. The remaining causes of action are: assault and battery (Count V); incestuous abuse in violation of N.J. Stat. Ann. § 2C:14-2(a) (Count VI);

---

[3] The other State Defendants in this matter are: DCPP; NJDCF; Christine Norbut Beyer, Commissioner of the NJDCF; Joanna Holota, DCPP Investigator; the BCPO; and the State of New Jersey.

intentional and negligent infliction of emotional distress (Counts VII and VIII, respectively); a due process violation through breach of the parental duty under the Fourteenth Amendment (Count IX); false imprisonment (Count X); invasion of privacy (Count XI); and illegal transportation of minors under 18 U.S.C. § 2423 (Count XII). (D.E. 54 at 31–37); and

**WHEREAS** Defendant John moves to dismiss Plaintiffs' Second Amended Complaint in its totality. John argues the Second Amended Complaint lacks the factual content necessary to withstand a motion to dismiss and is conclusory as to the potentially criminal conduct alleged. (D.E. 30-1 at 13–14, 17–18.) John also argues that the Second Amended Complaint fails to plausibly plead a conspiracy claim where it lacks allegations establishing a relationship between Defendants, discriminatory animus, and a conspiratorial agreement. (*Id.* at 14–17.) However, Defendant John's Motion lacks any argumentation regarding the remaining claims brought against him by Courtney in Counts V through XII; and

**WHEREAS** under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and

**WHEREAS** when deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). The analysis involves a two-step approach. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). First, the Court parses between the factual and legal elements of a claim, treating "all of the complaint's well-pleaded facts as

3

true," but disregarding any legal conclusions. *Id.*; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). When a plaintiff pleads factual content that enables the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678); and

**WHEREAS** as a preliminary matter, this Court notes that Defendant John's Motion impermissibly asks this Court to dismiss the Second Amended Complaint wholesale without accounting for the fact that Counts I, III, and IV are asserted solely against the State Defendants. Defendant John also attaches exhibits to his Motion that this Court declines to consider. *See Belichick*, 605 F.3d at 230 ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the *complaint*, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." (emphasis added)); and

**WHEREAS** Defendant John also challenges Plaintiffs' use of Doctor Steven Gold and Doctor Randell Alexander's opinions contained in their respective reports, excerpts of which are quoted in the Second Amended Complaint. While courts "may consider 'matters extraneous to the pleadings' if they are '*integral to or explicitly relied* upon in the complaint' without converting the motion to dismiss into one for summary judgment," Defendant John's failure to tie the arguments presented to particular counts in the Second Amended Complaint in light of the 12(b)(6) standard render the challenges unsuccessful. *Calabria Ristorante, Inc. v. Ruggiero Seafood, Inc.*,

4

706 F. Supp. 3d 489, 507 (D.N.J. 2023) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); and

**WHEREAS** in reviewing the Second Amended Complaint, this Court finds that although some claims could be pleaded with more particularity, Plaintiffs have alleged sufficient facts that enable this Court to draw the reasonable inference that Defendant John may be liable for the misconduct alleged. *See Connelly*, 809 F.3d at 786. Courtney not only details the types of sexual abuse she endured but also gives specific events she allegedly endured at the hands of Defendants John and Slevin. (*See, e.g.*, D.E. 54 at 6 (describing first incident of abuse), 9–10 (detailing incident in the woods in Rockland County, New York)); and

**WHEREAS** however, this Court finds that Plaintiffs' Second Amended Complaint fails to plausibly state a claim of conspiracy to violate their civil rights under § 1985 and § 1986 in Count II against all Defendants, including Defendant John. A plaintiff allegedly injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," may bring suit pursuant to Section 1985(3). 42 U.S.C. § 1985(3). To state a claim under § 1985(3), the plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983).

**WHEREAS** the plaintiff must also allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to successfully state a claim. *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006) (quoting *Griffin v. Breckenridge*, 403

U.S. 88, 102 (1971)).  In doing so, "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious."  *Id.*  Here, Count II fails to allege "that the conspiracy was motivated by discriminatory animus" and to specify what identifiable class, separate and apart from "the fact that [the class's] members are victims of the defendants' tortious conduct," Plaintiffs are a part of.  Such failures lead this Court to conclude that Count II fails to state a plausible claim for relief; therefore

      Defendant John Scott Tamagny's Motion is **GRANTED in part and DENIED in large part**.  Count II is **DISMISSED**; Counts V through XII remain.  Plaintiffs shall have thirty (30) days to amend their complaint.  An appropriate order follows.


                                                           /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
               Cari Fais, U.S.M.J.