LAW OFFICES

# BRESLIN AND BRESLIN, P.A.

**41 MAIN STREET**

**HACKENSACK, N.J. 07601-7087**

(201) 342-4014

FAX (201) 342-0068/3077

TERRENCE J. CORRISTON *

KEVIN C. CORRISTON *

E. CARTER CORRISTON, JR. *

NORA L. KALLEN, Of Counsel *

*N.J. & N.Y. Bar

_____

DONALD A. CAMINITI  (Retired)

E. CARTER CORRISTON, SR. (1961-2019)

ANGELO A. BELLO (1985 -2007)

JAMES A. BRESLIN (1969 - 1980)

JOHN J. BRESLIN, JR. (1935 - 1987)

www.BreslinandBreslin.com

Writer's Extension: **219**

Email:

Kcorriston@breslinandbreslin.com

Assistant:

michellebb@breslinandbreslin.com

July 2, 2026

Honorable Susan D. Wigenton, U.J.S.C.

U.S. District Court for the District of New Jersey

MLK Jr. Fed. Building & U.S. Courthouse

50 Walnut Street

Newark, New Jersey 07102

> **Re:    *Tamagny v. New Jersey Division of Child Protection and Permanency, et al*
> *Civil Action No. 2:25-cv-00732-SDW-CLW***

Dear Judge Wigenton:

As Your Honor is aware, this office represents Defendant/Counterclaimant, Keith Slevin, in the above captioned matter. On July 1, 2026, my office filed an Amended Answer to the Amended Complaint and Amended Counterclaim within the time set forth by Your Honor's prior Order.

My office subsequently became aware of two typographical errors contained in our filing.  Specifically, we removed all counterclaims against Plaintiff, Jeanne Tamagny, but failed to remove her name from the first line of the Counterclaim on Page 13; and on Page 21 we mistakenly referenced an Exhibit A that we did not intend to attach to the filing.

Accordingly, we respectfully request that Your Honor permit the filing of a Second Amended Counterlclaim to correct these typographical errors.  I enclose a proposed copy of same.

Respectfully submitted,

BRESLIN AND BRESLIN, P.A.

Kevin C. Corriston

KCC:mlc

Enclosure

cc: Demetrios Stratis, Esq.

**BRESLIN AND BRESLIN, P.A.**
Kevin C. Corriston, Esq.
(Attorney ID 041251988)
41 Main Street
Hackensack, New Jersey 07601
(201) 342-4014 / (201) 342-0068 Fax
kcorriston@breslinandbreslin.com
Attorneys for Defendant, Keith Slevin

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY TAMAGNY AND JEANNE TAMAGNY,<br><br>*Plaintiff,*<br><br>vs.<br><br>DIVISION OF CHILD PROTECTION AND PERMANENCY, NEW JERSEY DEPARTMENT OF CHILD AND FAMILIES, CHRISTINE NORBUT BEYER, Individually and as Commissioner of the New Jersey Department of Children and Families; JOANNA HOLOTA, Individually and as lead DCPP Investigator; BERGEN COUNTY PROSECUTOR'S OFFICE; STATE OF NEW JERSEY; JOHN SCOTT TAMAGNY; KEITH SLEVIN; JOHN DOES 1 to 20 (such names being fictitious); JANE DOES 1 to 20 (such names being fictitious); XYZ CORPS 1 to 20 (such names being fictitious),<br><br>*Defendants.* | Civil Action No. 2:25-cv-00732-SDW-CLW<br><br><br>AMENDED ANSWER TO AMENDED VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES and SECOND AMENDED COUNTERCLAIM |

Defendant, **Keith Slevin**, by way of Answer to the Amended Verified Complaint states as follows:

## NATURE OF THE ACTION

1.     Admitted as to the fact that the Amended Verified Complaint contains such allegations.  Denied as to the truthfulness of same.

## JURISDICTION AND VENUE

1.     Denied.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

## FACTS COMMONS TO ALL COUNTS

1.     Defendant can neither admit nor deny the allegations set forth in this Paragraph and leaves Plaintiff to their proofs.

2.     Admitted.

3.     Denied.

4.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

5.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

6.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

7.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

8.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

9.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

10.    This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

11.    Denied insofar as Paragraph 11 contains allegations related to a party other than this Defendant.

12.    Admitted.

13.    Denied insofar as Paragraph 11 contains allegations related to a party other than this Defendant.

14.    All sections and subsections of this Paragraph are denied as to this Defendant.

15.    Paragraph 15 is denied as to this Defendant.

16.    Admitted.

17.    Admitted that a report was rendered, denied as to the conclusions contained in said report.

18.    Admitted that a report was rendered, denied as to the conclusions contained in said report.

19.    Admitted that a report was rendered, denied as to the conclusions contained in said report.

20.    Admitted that a report was rendered, denied as to the conclusions contained in said report.

21.    Admitted that a report was rendered, denied as to the conclusions contained in said report.

22.    Denied insofar as Defendant has insufficient information upon which to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to their proofs

3

23.     Admitted that a report was rendered, denied as to the conclusions contained in said report.

24.     Paragraph 24 is denied as to this Defendant.

25.     Denied insofar as Paragraph 25 contains allegations related to a party other than this Defendant.

26.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

27.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

28.     Paragraph 25 is denied as to this Defendant.

29.     This paragraph is directed at Defendants who were dismissed pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J.

30.     Paragraph 30 is denied as to this Defendant.

31.     Paragraph 31 is denied as to this Defendant.

32.     Paragraph 32 is denied as to this Defendant.

33.     Paragraph 33 is denied as to this Defendant.

34.     [Blank - no allegations stated]

## COUNT 1

Pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J., this Count has been dismissed in its entirely.

## COUNT 2

Pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J., this Count has been dismissed in its entirely.

## COUNT 3

Pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J., this Count has been dismissed in its entirely.

## COUNT 4

Pursuant to the March 23, 2026 Order of the Honorable Susan D. Wigenton, U.S.D.J., this Count has been dismissed in its entirely.

## COUNT 5

1.      Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.      Paragraph 2 is denied as to this Defendant.

3.      Denied insofar as Paragraph 3 contains allegations related to a party other than this Defendant.

4.      Denied insofar as Paragraph 4 contains allegations related to a party other than this Defendant.

5.      Paragraph 5 is denied as to this Defendant.

6.      Paragraph 6 is denied as to this Defendant.

7.      Paragraph 7 is denied as to this Defendant.

8.      Paragraph 8 is denied as to this Defendant.

9.      Paragraph 9 is denied as to this Defendant.

10.     Paragraph 10 is denied as to this Defendant.

11.     Paragraph 11 is denied as to this Defendant.

12.     Paragraph 12 is denied as to this Defendant.

13.     Paragraph 13 is denied as to this Defendant.

5

14.     Paragraph 14 is denied as to this Defendant.

15.     Paragraph 15 is denied as to this Defendant.

16.     Denied.

17.     Paragraph 17 is denied as to this Defendant.

18.     Paragraph 18 is denied as to this Defendant.

19.     Paragraph 19 is denied as to this Defendant.

20.     Paragraph 20 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 6

1.     Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.     Denied insofar as Paragraph 2 contains allegations related to a party other than this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 7

1.     Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.     Paragraph 2 is denied as to this Defendant.

3.     Paragraph 3 is denied as to this Defendant.

4.    Paragraph 4 is denied as to this Defendant.

5.    Paragraph 5 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 8

1.    Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.    Paragraph 2 is denied as to this Defendant.

3.    Paragraph 3 is denied as to this Defendant.

4.    Paragraph 4 is denied as to this Defendant.

5.    Paragraph 5 is denied as to this Defendant.

6.    Denied insofar as Paragraph 2 contains allegations related to a party other than this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 9

1.    Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.    Denied insofar as Paragraph 2 contains allegations related to a party other than this Defendant.

7

3.    Denied insofar as Paragraph 3 contains allegations related to a party other than this Defendant.

4.    Denied insofar as Paragraph 4 contains allegations related to a party other than this Defendant.

5.    Denied insofar as Paragraph 5 contains allegations related to a party other than this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 10

1.    Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.    Paragraph 2 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 11

1.    Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2.    Paragraph 2 is denied as to this Defendant.

3.    Paragraph 3 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT 12

1. Defendant repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 1.

2. Paragraph 2 is denied as to this Defendant.

3. Paragraph 3 is denied as to this Defendant.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Verified Amended Complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## FIRST AFFIRMATIVE DEFENSE

The claims of the Plaintiff(s) are barred by the Doctrine of Estoppel.

## SECOND AFFIRMATIVE DEFENSE

The claims of the Plaintiff(s) are barred by the Doctrine of Illegality.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaints violate the entire Controversy Doctrine in that Plaintiffs are also parties in <u>John Scott Tamagny v. Jeanne Tamagny</u>, Docket No. FM-02-220-22, and <u>Courtney</u>

<u>Tamagny v. Scott Tamagny</u>, Docket No. FN-02-45-25, venued in the Superior Court of New Jersey - Bergen County.  Both matters have been resolved.

### FOURTH AFFIRMATIVE DEFENSE

The Claims of the Plaintiff(s) are barred by the Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff(s) are barred by the courts' lack of Subject Matter Jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action cognizable in the forum selected by the Plaintiff(s).

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted and this Defendant reserves the right to move at or before the time of trial to dismiss same.

### EIGHTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of this Defendant was not the proximate cause of any injuries or damages which may have been sustained by the Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

This Defendant breached no duty owned to the Plaintiffs or other Defendants.

### TENTH AFFIRMATIVE DEFENSE

This Defendant fulfilled all of its duties and obligations whether arising from common law, statute, contract, tort or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages of the Plaintiff(s), if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiff(s) or others were the result of and/or the unavoidable consequence of Plaintiff's own tortuous conduct and/or misconduct and actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The injuries or damages which are the subject matter of the Complaint are the result of acts omissions and/or conduct of other persons over whom this Defendant exercised no control and for whose conduct this Defendant was not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiff(s) and/or other Defendants, or negligence attributable to them, bars recovery against this Defendant under the Doctrine of Contributory Negligence.  In the event such contributory negligence is adjudged to be not greater than the negligence of this Defendant, this Defendant demands the Plaintiff's damages be diminished by the percentage of Plaintiff's contributory negligence pursuant to N.J.S.A. 2A:155.1 et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiff(s) have an agreement with an insurance company who is responsible for paying the monies allegedly due by the Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including but not limited to, the Statute of Limitations, controlling or requiring the instruction of suit within a certain period of time

11

following its accrual, was not complied with by the Plaintiff(s), and accordingly, Plaintiffs' claims are barred as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend its Answer to assert additional defenses and/or supplement or change this Answer, upon the revelation of more definite facts during and/or upon the completion of further discovery and investigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are barred by the courts' lack of *in persona* Jurisdiction.

## SECOND AMENDED COUNTER CLAIM

Defendant, **Keith Slevin,** by way of Counterclaim against Plaintiffs, **Courtney Tamagny,** says:

### COUNT ONE
(Malicious Abuse of Process)

1.      Plaintiff, **Courtney Tamagny's** filed claims against Counterclaimant, **Keith Slevin**, are malicious, frivolous and are without probable cause.

2.      As a direct and proximate result of the activities of the Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, has been exposed to public ridicule and held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

3.      As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

13

## COUNT TWO
(Defamation)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First Count as though set forth at length herein

2.      Plaintiff, **Courtney Tamagny's** Verified Complaint and Verified Amended Complaint contains false statement of facts which were communicated to third parties not subject to litigation privilege.

3.      In the aforesaid Verified Complaint and Amended Complaint, Counterclaimant is accused of criminal offenses and conduct.

4.      At the time of filing of the aforesaid Verified Complaint and Amended Complaint, Plaintiff, **Courtney Tamagny,** knew that its contents were libelous and false or entertained serious doubt as to the truth of the statements in same.

5.      As a result of the false and misleading information contained therein, Counterclaimant, **Keith Slevin** has been held up to ridicule, and Counterclaimant's reputation has been greatly injured.

6.      Plaintiff, **Courtney Tamagny,** in disseminating such information to the public, acted in a grossly irresponsible manner with reckless disregard for the standards of truth and veracity ordinarily followed by responsible persons, and Plaintiff knew in making the statements that a false impression would be made and Counterclaimant would be damaged.

7.      Plaintiff, Courtney Tamagny, filed the Verified Complaint and Amended Complaint with malice, recklessness or negligence in an effort to discredit, malign and impugn the honesty and integrity of Counterclaimant, all to Counterclaimant's damage.

14

8.      Plaintiff, **Courtney Tamagny's** false and misleading statements of fact were communicated to third parties and are not subject to any litigation privilege and caused harm to the Counterclaimant.

7.      As a direct and proximate result of the activities of the Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant has been exposed to public ridicule and held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

8.      As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT THREE
(Malicious Prosecution)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First and Second Counts as though set forth at length herein

2.      Plaintiff, **Courtney Tamagny**, through filing of the Verified Complaint and Amended Complaint containing libelous statements, acted with actual malice with wanton and willful disregard of the rights of Counterclaimant.

15

3.      Plaintiff, **Courtney Tamagny's** acted with malice and without probable cause through the filing of the Verified Complaint and Amended Complaint, Counterclaimant suffered harm as a result of same.

4.      As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

**COUNT FOUR**
(Violation of Fed. R. Civ. P. 11)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second and Third Counts as though set forth at length herein

2.      Plaintiff, **Courtney Tamagny's** frivolous action against Counterclaimant constitutes of a violation of the Fed. R. Civ. P. 11.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

16

## COUNT FIVE
### (False Light)

1.    Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third and Fourth Counts as though set forth at length herein.

2.    The activities of the Plaintiff, **Courtney Tamagny**, alleged above invaded Counterclaimant's right of privacy by placing Counterclaimant in a false light before Counterclaimant's peers and the general public.

3.    As a direct and proximate result of the activities of Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all to Counterclaimant's damage.

4.    Plaintiff, **Courtney Tamagny**, acted maliciously with an intent to defraud the public and with a wanton disregard of Counterclaimant's reputation, character, and good name, for which Counterclaimant seeks punitive damages.

5.    As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

17

## COUNT SIX
(Intentional Infliction of Emotional Distress)

1.    Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth and Fifth Counts as though set forth at length herein.

2.    Plaintiff, **Courtney Tamagny**, filed the Verified Complaint and Amended Complaint containing the aforementioned statements intentionally with the knowledge or reasonable belief that said statements were false and with the knowledge or reasonable belief such statements would likely result in the infliction of emotional distress upon the Counterclaimant.

3.    As a direct and proximate result of the activities of Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all Counterclaimant's damage.

4.    As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

18

## COUNT SEVEN
(Negligent Infliction of Emotional Distress)

1. Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth and Sixth Counts as though set forth at length herein.

2. Plaintiff, **Courtney Tamagny**, filed the Verified Complaint and Amended Complaint containing the aforementioned statements carelessly, recklessly and negligently with the knowledge or reasonable belief that said statements were false and with the knowledge or reasonable belief such statements would likely result in the infliction of emotional distress upon the Counterclaimant.

3. As a direct and proximate result of the activities of Plaintiff, **Courtney Tamagny**, as alleged above, Counterclaimant was exposed to public ridicule and was held in disrepute among Counterclaimant's professional colleagues and clients causing Counterclaimant to suffer extreme embarrassment and humiliation and severe mental distress, all Counterclaimant's damage.

4. As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

19

## COUNT EIGHT
(Harassment)

1.      Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as though set forth at length herein.

2.      Plaintiff, **Courtney Tamagny**, filed the Verified Complaint and Amended Complaint containing the aforementioned statements with purpose to alarm or seriously harass Defendant.

3.      Plaintiff, **Courtney Tamagny**, has repeatedly committed various other acts with the purpose to alarm or seriously harass Counterclaimant.

4.      Plaintiff, **Courtney Tamagny**, through filing of the Verified Complaint and Amended Complaint containing the libelous statements and continued harassment, acted with actual malice with wanton and willful disregard of the rights of Counterclaimant.

5.      As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

20

## COUNT NINE
(Defamation)

1.    Counterclaimant, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Counts as though set forth at length herein.

2.    On or about April 21, 2025, the Plaintiff, **Courtney Tamagny**, appeared as a guest on a podcast episode published under the title "We're All Insane– Molested by My Father, the Chief of Police: Surviving Satanic Ritual Abuse."

3.    The episode was published and made available to the public on multiple widely used platforms, including but not limited to YouTube, Spotify, and Apple Podcasts.

4.    As of the date of this filing, this episode has over approximately 608,000 views on YouTube, and the publisher has approximately 682,000 subscribers on said platform.

5.    Specifically, the Plaintiff falsely claimed, in sum and substance, that Defendants **Slevin** and the Plaintiff's father took the Plaintiff and her sisters into the woods in Rockland County, New York, where other men, referred to as "masked individuals," were allegedly present, along with a fire, chanting, and the burning of animals.

6.    The Plaintiff made further false statements of the Defendant, **Slevin**, accusing him of brutal assault and sexual abuse.

7.    The Plaintiff described these alleged events in a sensationalized, graphic, and emotionally charged manner that was clearly intended to shock listeners and severely damage the reputations of the Defendants.

8.    These allegations are entirely false, baseless, and fabricated.

21

9.    The Plaintiff made these statements knowingly and with actual malice or with reckless disregard for their falsity.

10.    The podcast episode referred to herein was widely disseminated and remains publicly accessible, causing continuing reputational harm.

11.    The statements constitute defamation *per se*, as they falsely accuse Defendant **Slevin** of committing serious criminal offenses, including sexual assault and abuse of minors.

12.    As a direct and proximate result of the Plaintiff's statements, Defendant **Slevin** has suffered significant and ongoing harm, including but not limited to loss of reputation, public humiliation, emotional distress, and other damages.

3.    As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT TEN
### (Defamation - Libel)

1.    Counterclaim, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Counts as though set forth at length herein.

2.     The statements identified in Count Nine were published in writing and/or recorded, including YouTube, Spotify, and Apple Podcasts.

3.     Such publication constitutes libel under applicable law.

4.     As a direct and proximate result of the Plaintiff's libelous statements, Defendant **Slevin** has suffered damages as described in Count Nine.

3.     As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

**WHEREFORE**, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

## COUNT ELEVEN
### (Defamation – Slander)

1.     Counterclaim, **Keith Slevin**, repeats and realleges all paragraphs of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts as though set forth at length herein.

2.     The statements identified in Count Nine were made verbally by Plaintiff during the podcast interview.

3.     Such oral publication constitutes slander under applicable law.

4.     As a direct and proximate result of the Plaintiff's slanderous statements, Defendant **Slevin** has suffered damages as described in Count Nine.

3.    As a further direct and proximate result of the aforesaid acts of Plaintiff, **Courtney Tamagny**, Counterclaimant, **Keith Slevin**, was severely injured, suffered and will in the future suffer great mental pain and torment, was and will in the future be compelled to spend large and divers sums of money for psychological and medical attention expenses and was and will be prevented from attending to his duties for a long period of time.

WHEREFORE, Counterclaimant, **Keith Slevin**, requests judgment against the Plaintiff, **Courtney Tamagny**, for special and compensatory damages and for punitive damages, for psychological and medical expenses, for costs of suit and counsel fees, and for such other relief as may be just.

## CERTIFICATION

I hereby certify that the within Amended Answer and Amended Counterclaim was filed within the time prescribed by the Court's Order of June 5, 2026.

BRESLIN AND BRESLIN, P.A.
Attorney for Defendant, Keith Slevin

Kevin C. Corriston

Dated: July 2, 2026

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending civil action or arbitration proceeding and no such action or arbitration proceeding is presently contemplated..

BRESLIN AND BRESLIN, P.A.
Attorneys for Defendant, Keith Slevin

Kevin C. Corriston

Dated: July 2, 2026

24

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, KEVIN C. CORRISTON, is hereby designated as trial counsel.

BRESLIN AND BRESLIN, P.A.
Attorney for Defendant, Keith Slevin


Kevin C. Corriston

Dated: July 2, 2026

## JURY DEMAND

PLEASE TAKE NOTICE that Defendant, hereby demands a trial by jury on all issues

so triable herein.

BRESLIN AND BRESLIN, P.A.
Attorneys for Defendant, Keith Slevin


Kevin C. Corriston

DATED: July 2, 2026

25